STATE BOARD OF MEDICAL EXAMINERS OF NEW JER-
SEY, PROSECUTOR, v. FERDINAND BUETTEL, RE-
SPONDENT.

Submitted May 29, 1925—Decided November 27, 1925.

1. Where there was testimony that F. B. treated at least two per-
sons, witnesses in the cause, for ailments at 1027 Grand street,
in the city of Elizabeth, that F. B. had his office at that ad-
dress, and the return to the process, which was in the form of
a warrant, requiring the appearance of F. B., was to the effect
that the defendant was produced in court on a certain day, he
giving bond for his appearance but not appearing in court, it was
held that the proof was sufficient to identify the defendant.

2. The constitutional right of trial by jury does not extend to
actions for penalties for offenses of minor character unknown to
the common law.

3. The act of 1894, chapter 306, as amended by the act of 1921,
chapter 221, prescribing a penalty for practicing medicine and
surgery without a license, and providing that proceedings to
recover the penalty shall be before the court in a "summary
manner" and "without a jury" is a valid exercise of the legisla-
tive power.

On *certiorari.*

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *Grover C. Richman* and *Edward L.
Katzenbach.*

For the respondent, *Francis A. Gordon.*

The opinion of the court was delivered by

LLOYD, J.   A writ of *certiorari* was granted in this case
to test the validity of a judgment of nonsuit entered in the
Elizabeth District Court.   The action was by the state board
of medical examiners to recover a judgment against the de-
fendant for a penalty prescribed by the act of 1894, chapter
306, as amended by the act of 1921, chapter 221, for prac-
ticing medicine and surgery without first having obtained and

filed a license issued by the state board as provided for in the act. The nonsuit was granted on the sole ground that the evidence did not sufficiently identify the defendant.

There was ample proof to identify the defendant. The testimony produced on behalf of the state board was to the effect that Ferdinand Buettel treated, at least, two persons, witnesses in the cause, for ailments at No. 1027 East Grand street, in the city of Elizabeth. Other testimony was produced to the effect that Ferdinand Buettel had his office at this place. The process was in the form of a warrant directed to any constable or the sargeant-at-arms of the District Court and required the apprehension of Ferdinand Buettel, and the return to the process is to the effect that the defendant was produced in court on the 17th of September, 1924. The defendant gave bond for his appearance, but did not appear at the trial of the cause in the District Court. From these proofs and the record it would appear that the defendant is Ferdinand Buettel; that he was brought into court by the constable who arrested him and gave bond; that the man known as Ferdinand Buettel had his office at No. 1027 East Grand street, where the witnesses testified he had treated them. Ordinarily, *idem sonans* raises a presumption of identity of person (22 *C. J.* 92), and the more unusual the name the more forceful the presumption. In this case there was identity of name and of the person arrested. There was independent proof from the pharmacist that Mr. Buettel had his office at No. 1027 East Grand street, where the other witnesses testified they were treated by him, and that he had received prescriptions from him. This, we think, was sufficient to justify a finding that the defendant was the person charged and who had also treated the witnesses as his patients. The judgment of nonsuit based on this ground was, therefore, error. It is contended by the defendant that the legality of the ruling can only be determined by writ of error. The proceeding was a summary one, not according to the course of the common law. *Certiorari* was the proper method of review. *State Board of Medical Examiners* v. *Curtis*, 94 *N. J. L.* 324, 327; *Reiman* v. *Wilkinson, Gaddis & Co.*, 88 *Id.* 383.

The question of identification was the only one raised on the trial. The respondent, however, having demanded a trial by jury and been refused, seeks to sustain the nonsuit below on the ground that his constitutional right of trial by jury was infringed, and cites the case of *State Board* v. *Curtis,* 94 *N. J. L.* 324.

An examination of the authorities establishes beyond question that the right of trial by jury does not extend to actions for penalties for offenses of minor character unknown to the common law. The history of the right in cases of this character is traced in an interesting opinion by Mr. Justice Parker in *Carter Brothers* v. *Camden District Court,* 49 *N. J. L.* 600, in which case the defendant was held not to be entitled to a jury trial. Numerous cases appear in our reports for the recovery of penalties akin to one *sub judice.* In *McGear* v. *Woodruff,* 33 *Id.* 213, a penalty for violation of an ordinance forbidding the placing of rubbish in streets was held to be triable in summary manner without the intervention of a jury, resting on the broad ground that the legislation was an exercise of the state's police power through one of its agencies, and that the offense was of the class theretofore subject to summary trial. Likewise, as to penalties for selling intoxicating liquors contrary to a city ordinance (*Howe* v. *Plainfield,* 37 *Id.* 146) ; to a conviction for violation of the statute forbidding the adulteration of milk (*Shivers* v. *Newton,* 45 *Id.* 469), Mr. Justice Reed in this case saying (at *p.* 476) : "The law has so frequently been stated to the effect that the enforcement of regulations of the kind included within the statute by summary proceeding before a magistrate alone, was not within the constitutional guaranty of trial by jury, that I think further remark would be profitless." In *Greely* v. *Passaic,* 42 *Id.* 429, the right of a jury trial was held by the Court of Errors and Appeals to be preserved in an action under a city ordinance to recover a penalty for its violation. It was so held, however, on the sole ground that the act under which the ordinance was passed intended the proceeding to be in accordance with the provisions of the Small Cause act, which accorded to the defendant the right of trial by jury.

The power of the legislature to direct otherwise seems to have been assumed by the learned justice writing the opinion for that court. In the case of *Board of Medical Examiners* v. *Giedroye,* 91 *Id.* 61, it was sought to recover a penalty for violation of the act to regulate the practice of medicine and surgery as the act then was, and it was held that the action was a civil proceeding subject to the procedure peculiar to the civil jurisdiction of the court in which it was brought. A jury was demanded and accorded under section 149 of the District Court act, following the decision in the case of *Lowrie* v. *State Board of Dentistry,* 90 *Id.* 54. In *State* v. *Rodgers,* 91 *Id.* 212, violation of the Motor Vehicle act was held triable in summary manner without a jury. Then came the case of *Board of Medical Examiners* v. *Curtis, supra.* As here, the action was to recover the penalty prescribed for practicing medicine without a license in violation of the act. A jury was demanded and accorded and the board appealed. Mr. Justice Swayze, writing the opinion of the Supreme Court, calls attention to the apparent inconsistent *dicta* in the two cases of *Carter Brothers* v. *Camden District Court* and *Lowrie* v. *State Board of Dentistry, supra,* and also to the differences in the nature of the penalties sought to be recovered in the respective cases and in the proceedings called for by the different acts. The learned justice affirmed that the proceedings is a civil one and controlled by the procedure prescribed by the District Court act, which preserves the right of trial by jury. He, however, proceeds to state that "the fact that the suit is a civil suit does not setttle the question of the right to trial by jury; that there may be cases where it would be competent for the legislature to prescribe a summary proceeding in a civil suit, even where, as at common law, and at the time of the adoption of the constitution of 1844, penalties were recoverable by the ordinary action of debt;" citing for illustration the case of *McGear* v. *Woodruff, supra.*

From the foregoing I think it is apparent that the legislative right to deal in summary fashion with offenders under legislation for acts not in themselves criminal, enacted under

the police power, is not doubted, but where a jury has been accorded, it has been because the legislature in the particular case has not interdicted the right to a jury trial, but indicated the procedure to be under statutes in which the right is preserved. Since the Curtis case was decided, however, the act of 1894, upon which that case was based, has been amended by chapter 221 of the laws of 1921. As originally enacted, the statute of 1894 made violation of the statute a misdemeanor, punishable by fine or imprisonment, or both. In 1915, chapter 271, the act was amended in section 10 by substituting a penalty of $200 to be recovered by, and in the name of, the board. The various District and Common Pleas Courts in the state were, on verified complaint in writing, authorized to issue process in the name of the state, either in the nature of a summons or warrant, and, if the latter, that it be returned forthwith, and that the court proceed in a summary manner to hear the case without pleadings. In other respects, the proceedings were materially different from the ordinary practice in the courts named.

When the decision in the Curtis case was announced, and, apparently, as a sequence thereto, the act was again amended, and this time the legislative intent that the proceeding should be before the court without a jury, was made clear and specific by adding after the words "summary manner" the words "without a jury." We, therefore, have clear and unequivocal mandate from the legislature that the proceeding shall be summary in character and by the court without the intervention of a jury. The legislative direction which in the Curtis case was deemed to be absent, leaving the ordinary practice of the courts to control, is now present, and, being constitutional, must be respected.

The conclusion we reach is that the act under which the present proceeding was taken is a valid exercise of the legislative power, and that the legislature clearly intended that the proceeding should be heard in summary manner without a jury. That the steps in the proceeding are not fully set forth, we think, is not a ground upon which to nullify that purpose. Where in the act they are left open, it will be

presumed that the course of procedure in the trial court was intended. This does not render the act unconstitutional. The right of trial by jury is invoked according to the nature of the prohibited act, and does not rest alone on the mode in which it is to be tried. It is the substance and not the form that must control in determining the right. The court in the present case sits solely by legislative mandate, and for the purposes of the trial is a statutory tribunal.

The judgment will be reversed and a new trial awarded.