STATE BOARD OF MEDICAL EXAMINERS OF NEW JERSEY, RESPONDENT, v. HAZEL ROCHE, APPELLANT.

Submitted October 16, 1925—Decided February 1, 1926.

A proceeding for the recovery of a penalty under section 10 of the "act to regulate the practice of medicine and surgery," &c. (*Pamph. L.* 1894, *p.* 454; *Comp. Stat., p.* 3329; as amended by *Pamph. L.* 1921, *p.* 702—at *p.* 708), is, by the express language of the amendment, a summary proceeding without a jury, and, as such, reviewable only by writ of *certiorari.*

---

On appeal from the District Court of the city of Trenton.

Before Justices PARKER, MINTURN and BLACK.

For the respondent, *Grover C. Richman,* second assistant attorney-general.

For the appellant, *Martin P. Devlin.*

The opinion of the court was delivered by

PARKER, J.    Under the amendment of 1921 (*Pamph. L., p.* 702) to the act of 1894 (*Pamph. L., p.* 454; *Comp. Stat., p.* 3329), the appellant was prosecuted for the statutory penalty for practicing medicine without the required license, and was convicted in said District Court.   She now appeals to this court, apparently, on the theory that the proceeding in question is governed by the provisions of the District Court act relating to appeals and judgments in that court.

On the merits, if they were properly before us, the judgment would have to be affirmed.   The only point made is that the prosecutor was denied a trial by jury after having demanded the same.   This question was adequately discussed and the point settled so far as relates to this court, by the recent opinion of Mr. Justice Lloyd in *State Board of Medical Examiners* v. *Buettel, ante, p.* 74.   It is intimated that the amendment of 1921, which, for the first time, in precise words prescribed that the trial should be without a jury, is unconstitutional as improperly excluding a jury trial; but we think that the contrary is well settled.   The action is a special statutory proceeding committed to a statutory tribunal relating to a statutory offense which was no crime at common law.   Consequently, it comes within the class of cases discussed by Mr. Justice Blackstone in 4 *Bl. Com.* 280, and in 1 *Burn Just.* 586, *tit. "Conviction."*   It is within the class of cases treated in *State* v. *Rodgers,* 91 *N. J. L.* 212, decided by the Court of Errors and Appeals.

The matter, however, is not properly before us, as the judgment in this proceeding is reviewable only by writ of *certiorari* and not by appeal tantamount to writ of error.   It is true that in *State Board* v. *Curtis,* 94 *N. J. L.* 324; *affirmed,* 95 *Id.* 551, the proceeding under the act of 1894, as amended in 1915, was considered to be a civil suit.   But

this question was discussed principally, if not entirely, because of its bearing on the question actually to be decided in that case, which was whether a jury trial was properly awarded, the court holding that it was. But the following language is significant:

"The fact that the suit is a civil suit does not of itself settle the question of the right to trial by jury. There may be cases where it would be competent for the legislature to prescribe a summary proceeding in a civil suit even where, as at common law, and at the time of the adoption of the constitution of 1844, penalties were recoverable by the ordinary action of debt."

The court went on to decide that a jury was required because of the District Court act, without regard to constitutional questions.

This decision was in June, 1920, and the legislature at its very next session (*Pamph. L.* 1921, *p.* 702), by what is called, in the Buettel case, a "clear and unequivocal mandate," directed that the trial be without jury. If the suit had theretofore been a civil suit, subject to the jury features of the District Court act, the legislature evidently meant it to be thereafter a summary proceeding, for not only does the act prescribe that "the court shall proceed in a summary manner without a jury  *  *  *  without the filing of any pleadings," but the statutory form of conviction (page 710) states that "C. D., defendant, was  *  *  *  convicted  *  *  * *in a summary proceeding*  *  *  *  upon a complaint," &c.

The case is thus brought within the settled rule that a proceeding in an inferior tribunal and not according to the course of the common law is reviewable exclusively by *certiorari. Curtis* v. *Steever,* 36 *N. J. L.* 304. The rule was restated and applied in *Borough of Spring Lake* v. *Shibla,* 101 *N. J. L.* 441, decided in May, 1925. And the practical reason for insisting upon its application was stated in *City Bank* v. *O'Mara,* 88 *N. J. L.* 499 (at *p.* 500), viz.: "If *certiorari* be the only proper method of review, it follows that frivolous and non-meritorious attempts to remove the record, which appeal, as a matter of right, would facilitate, will be

cut off by the timely refusal of an *allocatur* in *certiorari."* The pertinence of this comment is illustrated by the fact that at the present term there are five appeals of this precise character before this branch of the court.

The appeal will, therefore, be dismissed, with costs.