BOARD OF PHARMACY OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLEE, v. SAMUEL ABRAMOFF, DEFENDANT-APPELLANT.

Submitted January 27, 1928—Decided May 1, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiff-appellee, *Edward L. Kalzenbach,* attorney-general.

For. the defendant-appellant, *Peter Cohn.*

PER CURIAM.

This is an appeal from a judgment in a penal action in the District Court for an alleged violation of section 2 of the Pharmacy act. *Comp. Stat., p.* 3944. The facts are that the defendant, being a grocer or an ordinary tradesman, undertook to sell a small bottle of camphorated oil, corked and sealed, and bearing the imprint of a regularly licensed druggist. The statute seems to forbid even this, and the court found against him and fined him. It is now argued, first, that one isolated sale is not a violation of the statute. We think, however, that this point is not well taken. Second, it is argued that this one act is not within the object of the Pharmacy act. We think that it is. Third, that section 8 of the act provides that nothing therein shall be construed to making and vending of non-poisonous patent or proprietary medicines. The answer to this is that camphorated oil is not either a patent medicine or a proprietary medicine, and, consequently, irrespective of the question whether section 8, *supra,* should not properly be invoked as a defense putting the burden of proof on the defendant, a complete case of violation of section 2 not within the saving clause of section 8 was made out.

It is argued that the District Court erred in directing a verdict for the plaintiff. There seems to be absolutely no question of fact involved, and as this is simply a penal and not a criminal one, we think that no error was committed by directing a verdict where there was no dispute upon the facts.

We have considered this case on the merits, although we are fully satisfied that an appeal in cases of this kind will not lie.

In similar actions for the violation of the statute relating to practice of medicine without a license, it has been definitely laid down that *certiorari* is the only method of review. *State Board* v. *Buettel,* 131 *Atl. Rep.* 89; 3 *N. J. Adv. R.* 1860; *State Board* v. *Roach,* 132 *Atl. Rep.* 86; 4 *N. J. Adv. R.* 417; *State Board* v. *Gese,* 132 *Atl. Rep.* 926; 5 *N. J. Adv. R.* 373. The present case is not in any way different in principle, and the bar is accordingly advised that appeals of this nature are liable to be dismissed by the court of its own motion. This practice was followed, and correctly, in *Harman* v. *Board,* 67 *N. J. L.* 117.

For these reasons, and on the merits, the present writ will be dismissed.