STATE BOARD OF MEDICAL EXAMINERS, DEFENDANT, v. HERMAN KEMPKES, PROSECUTOR.

Submitted January 29, 1932—Decided June 2, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *John H. Gall.*

For the defendant, *Robert Peacock.*

PER CURIAM.

This writ brings up a judgment of the First District Court of the city of Paterson finding the prosecutor guilty of a violation of the act regulating the practice of medicine and surgery and imposing a fine of $200. The trial was held on February 28th, 1928, at the conclusion of which the trial judge announced a finding of guilty. However, it appears that no judgment was entered until May 8th, 1930. Thereafter the present writ was allowed.

1. Prosecutor argues that the restriction upon the practice of medicine in the act is violative of the constitution of this state in that it restrains freedom of speech and prevents prosecutor from the pursuit of happiness, &c. However, the regulation of the practice of medicine has been held to be a proper exercise of the police power. *State Board* v. *Buettel,* 102 *N. J. L.* 74; 131 *Atl. Rep.* 89.

2. It is argued that the act violates the due process clause of the constitution of the United States. We think there is no merit in this contention.

3. Point three is that the complaint is defective. However, it charges an offense in the language of the statute. This has been repeatedly held to be sufficient. *State* v. *Braad,* 77 *N. J. L.* 486; 72 *Atl. Rep.* 131. The statement that the offense was committed in the city of Paterson was sufficient. Further, no objection on this ground was made at the trial.

4. It is argued that the record does not show of what specific offense prosecutor was convicted, or that he was convicted at all. This was not necessary. The action was a civil one for the recovery of a penalty, and judgment for the plaintiff is sufficient.

5. It is contended that the return to the writ is defective because it does not set out a proper record of conviction, showing the adjudications of the District Court, the evidence presented, and the findings of fact. We see no merit in this

contention. The judgment for the plaintiff is shown on the docket. The evidence and a complete transcript of the trial is presented in the supplemental state of the case. The evidence shows guilt beyond any doubt. In fact the prosecutor admitted the acts complained of and claimed to have supernatural power to heal. The testimony shows him to be a very dangerous individual from whose operations the public should be protected.

The judgment is affirmed, with costs.