STATE BOARD OF MEDICAL EXAMINERS OF NEW JERSEY, RESPONDENT, v. LOUIS ADLER, APPELLANT.

Submitted May term, 1934—Decided August 16, 1934.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *I. Faerber Goldenhorn* and *Abraham Sepenuk.*

For the respondent, *David T. Wilentz,* attorney-general, and *Robert Peacock,* assistant attorney-general.

PER CURIAM.

This is a case of the state board of medical examiners against one Louis Adler, charged with practicing medicine in violation of section 10 of the act to regulate the practice of medicine (*Pamph. L.* 1894, *p.* 459), in which the defendant was convicted, and from which defendant's appeal is here presented.

The respondent has a motion to dismiss the appeal on the ground that the remedy, if any, was by *certiorari*. While this motion might well prevail, as it is a statutory proceeding for the recovery of a penalty, the case will be disposed of on its merits.

Adler had an office in which he apparently received patients. He was not licensed to practice nor did he have a doctor's sign displayed or call himself "doctor," but he undoubtedly, as testified by the witnesses called by the board, diagnosed the physical ailments of these witnesses, prescribed medicines and charged therefor sums clearly indicating that it was for the advice as well as for the medicine. This, under all our cases, established the practice of medicine within the meaning of the act under such cases as *State Board* v. *Buettel,* 102 *N. J. L.* 74; 131 *Atl. Rep.* 89, and numerous other decisions anterior and subsequent thereto.

It is urged by the appellant that the prosecution was not by a "district attorney," and that no representative of the attorney-general's office could conduct the case; this because of the last sentence of the tenth section which says, "it shall be the duty of the respective district attorneys of the counties of this state to prosecute violations of the provisions of this act." Whether it is the duty of district attorneys (probably meaning prosecutors of the pleas) the right of the board to prosecute through any other official or attorney it seems to us is not in doubt.

The judgment is affirmed, with costs.