THE PEOPLE, for use of State Board of Health,

*v.*

CHARLES L. SMITH.

*Opinion filed February 17, 1904.*

1. MEDICINE AND SURGERY—*selling spectacles is not a violation of sections 7 and 8 of act of 1899.* One who travels from place to place fitting and selling spectacles is not "practicing medicine," within the meaning of that term as defined in section 7 of the act of 1899; (Laws of 1899, p. 275;) nor is he an itinerant vendor of an "appliance intended for the treatment of diseases," within the meaning of section 8 of the same act.

2. SAME—*what not professing to cure or treat a disease or deformity.* One who advertises himself as a famous eye expert and invites persons afflicted with certain defects of vision to call upon him to have glasses ground and fitted does not profess to treat or prescribe for disease or deformity, within the meaning of section 8 of the act of 1899, (Laws of 1899, p. 275,) where he states in the advertisement that he does not give medical or surgical treatment, although his glasses relieve and had cured troubles due to defective sight.

*Smith* v. *People,* 108 Ill. App. 499, affirmed.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. L. D. PUTERBAUGH, Judge, presiding.

WHITMORE, BARNES & BOULWARE, for plaintiff in error.

I. C. PINCKNEY, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This case was submitted at a prior term on appeal from the Appellate Court, and was remanded to that court with directions, if it adhered to its judgment of reversal, to incorporate in it a statement of facts, in compliance with section 88 of the Practice act. (See 199 Ill. 20.) It has again reversed the judgment of the circuit court without remandment, and certified in its judgment the following statement of facts: "We find that

appellant was engaged in the business of traveling optician; that he went from place to place in this State, including Peoria, where the acts in question were performed; that he fitted spectacles to persons of defective sight, first ascertaining, by tests, the kind of lens required by his customer, then procuring glasses to be ground accordingly and placed in a frame and delivered to his customers, and receiving payment therefor; that he advertised himself in the public press as 'the famous Chicago eye expert,' and in such advertisements he invited persons afflicted with blurring, dizziness, neuralgia, headaches, spots before the eyes, inflammation, granulation, winking, trembling spells, cataract, burning and smarting of the eyes, and various nervous brain affections, to call upon him; that these advertisements stated that he did not give medical or surgical treatment; that in these advertisements he stated that his glasses, fitted and ground by his method, benefited his patrons, and had cured headaches, blurring, itching and burning of the eyes, etc. We find that appellant's glasses relieved such troubles while they were used, but did not cure them. We find that appellant had no license from the State Board of Health. We find that appellant did not practice medicine or surgery. We further find that appellant did not treat, or profess to treat, operate on or prescribe for any physical ailment or any physical injury to or deformity of another, except in the manner and to the extent above stated. We find that the foregoing were the acts for which appellee sought to recover, and recovered, from appellant in this cause the penalty prescribed by the act entitled 'An act to regulate the practice of medicine in the State of Illinois, and to repeal an act therein named,' in force July 1, 1899. We hold that these facts did not give appellee a cause of action against appellant."

Counsel for plaintiff in error have devoted a considerable part of their brief and argument to the contention

that this is not a case in which the Appellate Court was authorized to incorporate in its judgment a finding of facts. But that question is settled by our repeated decisions to the contrary. Moreover, it was decided upon the former hearing of the case, that, inasmuch as that court reversed the judgment of the circuit court without remanding the cause, it was its duty to find and recite in its judgment the facts, and the case was remanded for that purpose. It is also too well settled to be longer a matter of controversy, that this court is concluded by the facts so found, and that we can only upon this writ of error determine whether or not the Appellate Court properly applied the law to the facts found by it. *Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 147 Ill. 399, and cases there cited; *Schwartz* v. *Supreme Court of Honor,* 194 id. 344; *Davis* v. *Chicago Edison Co.* 195 id. 31; *Hunter* v. *National Union,* 197 id. 478.

As we said in our former opinion, there is nothing in the record from which we can determine just what the complaint against the defendant below was; but for the purposes of this decision let it be assumed, as claimed by counsel, that the charge was a violation of sections 7 and 8 of the act of 1899, to regulate the practice of medicine in this State,—that is, by professing "to treat, operate on or prescribe for any physical ailment or any physical injury to or deformity of another," as provided in said section 7, and being an itinerant vendor of an appliance for the treatment of diseases or injuries as prohibited by section 8. The finding of the Appellate Court is, that all the defendant did was to fit spectacles to the eyes of persons of defective vision and sell them to such persons. By so doing he did not treat, operate upon or prescribe for any physical ailment or injury or deformity of another, within the meaning of section 7; nor did he, by advertising himself as an eye expert and inviting persons afflicted with certain defects of vision to call upon him, profess to treat, operate on or prescribe for any

208—3

physical ailment or physical injury to or deformity of another, but in the same advertisement stated that he did not give medical or surgical treatment. All that he claimed by the advertisement was, that glasses fitted and ground by his method benefited, and had cured, headaches, blurring, itching and burning of the eyes, etc. We also think it clear that he was not, under the facts here found, an itinerant vendor of any drug, nostrum, ointment or application of any kind intended for the treatment of diseases or injury, nor did he, by writing or printing, or other method, profess to the public to cure or treat diseases or deformity by any drug, nostrum or application, within the meaning of section 8. It would be a strained construction of that section to hold that the mere fitting of spectacles to the eyes of a person is an appliance intended for the treatment of diseases or injury of another. As we have said, this statute is penal in its character and must be strictly construed. It is a well known fact that headaches, dizziness and other similar ailments often result from defective vision, which may be relieved by the use of spectacles; but it cannot be seriously contended that the person who sells such spectacles or who tests the eyes and fits such glasses practices medicine or surgery or professes to cure or treat diseases or deformities thereby. While the statute under consideration is a wise and humane regulation for the protection of the public, and should be rigidly enforced, the construction here contended for could have no other effect than to bring it into disrepute.

We think, on the facts recited in the judgment below, the Appellate Court ruled properly in holding that the evidence did not warrant a conviction. Its judgment will therefore be affirmed.                *Judgment affirmed.*