JOHN ZOLNOWSKI, Plaintiff in Error, *vs.* THE ILLINOIS STEEL COMPANY, Defendant in Error.

*Opinion filed February 20, 1908—Rehearing denied April 10, 1908.*

1. APPEALS AND ERRORS—*Appellate Court's finding of facts is conclusive on Supreme Court.* A finding by the Appellate Court of controverted facts in its judgment reversing a judgment in a suit at law without awarding a new trial conclusively settles such facts, and the Supreme Court can only determine the question whether the Appellate Court erred in applying the law to the facts so found.

2. SAME—*provision of the Practice act that the Supreme Court shall review the facts is invalid.* The provision of section 120 of the Practice act of 1907, in so far as it purports to authorize the Supreme Court to review the facts in suits at law wherein the Appellate Court has found the facts differently from the trial court and reversed the judgment below without awarding a new trial, is unconstitutional. (*Hecker* v. *I. C. R. R. Co.* 231 Ill. 574, and *Jones* v. *C., R. I. & P. R. R. Co.* id. 302, followed.)

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

PEASE, SMIETANKA & POLKEY, for plaintiff in error.

KNAPP, HAYNIE & CAMPBELL, and WILLIAM BEYE, for defendant in error.

Per CURIAM: This writ of error is sued out to bring up for review a judgment of the Appellate Court for the First District, reversing, with a finding of facts, a judgment

of the superior court of Cook county. The cause was finally determined in the Appellate Court in March, 1905. This writ of error was sued out August 29, 1907. The plaintiff in error recovered a judgment in case for personal injuries for $12,000 in the superior court. In reversing the judgment the Appellate Court made the following finding of facts, which was incorporated in its final judgment: "The court finds in this case, as a fact, that the appellant was not guilty of negligence which either caused or contributed to the injury of appellee for which his judgment in this case was recovered."

The errors assigned in this court which are urged in the brief relate to questions of fact, which are conclusively settled by the judgment of the Appellate Court. No question of law is made as to the application of the law to the facts as found. When the Appellate Court reverses a judgment as a result of finding the facts different from the trial court, the only question reviewable in this court is whether the Appellate Court erred in applying the law to the facts. *People* v. *Smith*, 208 Ill. 31, and cases there cited.

This writ of error was manifestly sued out after the new Practice act went into effect, for the purpose of securing a review of the facts by this court under section 120 of said act. (Laws of 1907, p. 443.) Since the writ was sued out in this case the section of the new Practice act above referred to has been held by this court unconstitutional and void. (*Hecker* v. *Illinois Central Railroad Co.* 231 Ill. 574.) It is also held that if valid this section of the new Practice act could not be applied to judgments of the Appellate Court rendered before the act went into effect. (*Jones* v. *Chicago, Rock Island and Pacific Railroad Co.* 231 Ill. 302.) Under these decisions there is no question open for consideration in this court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*