STATE OF MISSOURI, Respondent, v. H. M. BLUMENTHAL, Appellant.

Kansas City Court of Appeals, February 21, 1910.

1. PRACTICE OF MEDICINE: Evidence. Where one with an office in a hotel with his name on a sign on the door as a doctor, informs a person who calls on him to treat her eyes, that she has a cataract, astigmatism, etc., prescribes ointments, salves and eye washes and delivers such medicine at different times afterwards, he was guilty of practicing medicine as contemplated by the statute.

2. ———: ———. It was proper to admit evidence that defendant had a sign on his door consisting of his name with "Dr." prefixed.

State v. Blumenthal.

3. ——: ——. It was likewise proper to admit in evidence advertisements that defendant practiced medicine.

4. ——: ——: Ophthalmology. That defendant was an "ophthalmologist" and practiced ophthalmology, would not relieve him from the terms of the statute against practicing medicine and surgery.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*M. T. January* for appellant.

(1) Testing the eyes with instruments in order to prepare and fit the proper glasses, is not practicing medicine. People v. Smith, 69 N. E. 810. (2) The court erred in admitting evidence that defendant advertised himself as a doctor.

*H. M. Poague* and *Lee B. Ewing* for respondent.

(1) The indictment in this case is good. It follows the exact language of approved precedent. State v. Davis, 194 Mo. 485. (2) Prescribing medicine for eyes, writing directions for using same upon box or bottle containing it, and making charge therefor, is practicing medicine within the meaning of the statute. Kansas City v. Baird, 92 Mo. App. 208, and cases there cited. One who practices "ophthalmology" is practicing medicine within meaning of the statute. Gould's Ill. Dict. Med. (5 Ed.), p. 931; American Ill. Med. Dict. (Doland's), p. 478. (3) The court committed no error in admitting testimony that defendant advertised himself as a doctor. 1 Greenleaf on Evi., sec. 51 (14 Ed.); Haynes v. Christian, 30 Mo. App. 203.

ELLISON, J.—The defendant was convicted of the offense of practicing medicine in Vernon county without a license. Defendant claims that he was not practicing medicine within the terms of section 5, p. 358,

Laws of 1907, reading as follows: "Any person practicing medicine or surgery in this State, and any person attempting to treat the sick or others afflicted with bodily or mental infirmities, and any person representing or advertising himself by any means or through any medium whatsoever, or in any manner whatsoever, so as to indicate that he is authorized to or does practice medicine or surgery in this State, or that he is authorized to or does treat the sick or others afflicted with bodily or mental infirmities, without a license from the State board of Health," etc.

The evidence tended to show that he had an office in a hotel in the city of Nevada and that on his door was the sign: "Dr. H. M. Blumenthal." That Miss McGuinn went to his office and engaged him to treat her eyes and that he told her she had a cataract, astigmatism and other ailments of the eyes, which he treated by prescribing ointments or salves and eye-washes, for which he charged her ten dollars. That he likewise furnished and fitted eye glasses, for which he charged fifteen dollars. The eye medicine was sent to her by her brother at one time and delivered personally by defendant at several other times.

In view of such evidence there can be no doubt that defendant was practicing medicine within the meaning of the law. [State v. Davis, 194 Mo. 485.] We cannot see that the case of Kansas City v. Baird, 92 Mo. App. 204, in any way supports defendant's defense. Whatever is said there on the subject of a physician or medicine is a support to the State in this case.

It was decided by the Supreme Court of Illinois (People v. Smith, 208 Ill. 31) that a traveling optician who invited persons, by advertisements, who were afflicted with dizziness, neuralgia, etc., to visit him and obtain relief by purchasing spectacles, and disclaimed medical or surgical treatment, was not treating, operating or prescribing for physical ailments under the statute of that State. That was no more than to say

that one who merely sold and fitted eye glasses was not practicing medicine, and the court gave such declaration of law in this case.

But the facts which the evidence tended to prove against defendant were that he not only sold and fitted spectacles, but gave medical treatment for the eyes.

Objection was made to admission of the evidence showing the sign at defendant's room door at the hotel, as set out above. We regard the ruling as proper. It tended, connected with the other evidence, to support the charge made.

The court likewise properly admitted evidence of defendant advertising as a practitioner of medicine. [1 Greenleaf Ev., sec. 51a.] It is true that the statute constitutes the act of advertising as a physician as an offense within itself, yet that fact does not exclude the act as probative of the offense of practicing. The fact that evidence having a tendency to prove the offense charged may also tend to prove some other offense, not charged, does not necessarily render it incompetent.

There was some claim made by defendant that he was an ophthalmologist. If we accept that as true it would not serve him any purpose since that is a branch of medical science and its practice would fall within the terms of the statute. That term seems to signify some disease or diseases of the eye and we can see no reason why one who prescribes medicines for such diseases would not be as guilty as by any other name. It is the act committed and not its designation, which constitutes the offense.

We are not impressed with defendant's argument as to a lack of proof as to defendant practicing. His sign, office, advertisement, treatment for a considerable period of the prosecuting witness, was ample evidence and puts the case outside the illustrations given in the brief.

We regard the information as sufficient. Other points are made against the conviction which we have examined and find not well taken. The judgment is affirmed. All concur.