### TERRITORY OF HAWAII *v.* TAKAMINE.

APPEAL FROM DISTRICT MAGISTRATE OF WAILUKU.

ARGUED FEBRUARY 20, 1913.                DECIDED MARCH 4, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

INDICTMENT AND INFORMATION—*immaterial averment—surplusage need not be proved.*

An averment in an indictment or charge which does not relate to any necessary element of the offense charged, and without which an offense is fully set forth, will be regarded as surplus-

Territory v. Takamine, 21 Haw. 465.

age. Such an averment need not be proved, and the charge will not be vitiated by its presence.

EVIDENCE—*corroborative circumstances.*

Upon a charge of practicing medicine without a license by performing a specific act of treatment of disease, evidence that the accused the day before the commission of the alleged act asserted that he had cured disease and could effect cures by the use of the drug which he is alleged to have used in the particular case, is admissible as corroborative evidence which tends to explain and characterize the act, and to negative a possible claim that it was one of mere friendly and non-professional assistance.

PHYSICIANS AND SURGEONS—*the practice of medicine—proof of single act.*

A single act of the use of a drug for the treatment of disease in the human subject, performed by one upon another, may constitute the practice of medicine within the meaning of sections 1068 and 1069 of the Revised Laws, where there is other evidence in the case which colors and characterizes that act and tends to show that it was not a mere casual or friendly one, but one purporting to be of a professional character.

## OPINION OF THE COURT BY ROBERTSON, C.J.

The defendant has appealed upon points of law from a judgment of conviction entered against him in the district court of Wailuku.

The charge upon which the defendant was prosecuted alleged, "That Takamine, at Wailuku, District of Wailuku, County of Maui, Territory of Hawaii, on the 20th day of December, A. D. 1912, did practice medicine on one Dobara, by burning a drug known as Mogusa on the person of the said Dobara, for the treatment of asthma, without having a license so to do as required by law," etc.

The defendant demurred to the charge on the ground that it did not show a violation of any law of this Territory. The demurrer was properly overruled. The contention that the charge should have negatived the provisos contained in section 1069 of the Revised Laws is not well taken. The statute makes it a misdemeanor for any person to practice medicine or surgery in this Territory either gratuitously or for pay, or

to offer to so practice, or to append the letters "Dr." to his name, with the intent thereby to imply that he or she is a practitioner of medicine or surgery, without having a valid unrevoked license, obtained from the treasurer of the Territory granted upon the written recommendation of the board of health, subject to certain special provisions, not pertinent here, relating to the practice of osteopathy and christian science. R. L. Sec. 1068, as amended by Act 124 of the Laws of 1909. Section 1069, as amended by Act 133 of the Laws of 1909, provides that the practice of medicine shall be held to include the use of drugs and medicines, water, electricity, hypnotism, or any means or method, or any agent, either tangible or intangible, for the treatment of disease in the human subject, provided that the statute shall not be held to forbid any person from the practice of any method, or the application of any remedial agent or measure under the direction or with the approval of a duly licensed physician, and that when such a physician shall have certified any case as hopeless any person may, when requested by or on behalf of the person hopelessly afflicted, give or furnish any remedial agent or measure. The provisos of the latter section are matters which an accused may show in defense, but they do not enter into the definition or description of the offense and, therefore, need not be negatived in the charge. *States* v. *Cook*, 17 Wall. 168, 173; *Rep.* v. *Ah Yee*, 12 Haw. 169; *State* v. *Kendig*, 133 Ia. 164, 168; *Harding* v. *People*, 10 Colo. 387, 394. The charge sufficiently set forth a violation of section 1068.

The defendant claims that the evidence does not support the judgment, and in this connection it is argued that there was no evidence that Dobara had asthma, or was treated for it; that there was no evidence that mogusa is a drug; and that the facts in evidence fall short of showing that the defendant practiced medicine within the meaning of the statute, in that evidence of a single act of administering medicine does not constitute the practice of medicine, and that the proofs do not nega-

tive the idea that only a simple household remedy was being applied, or a mere casual or friendly act performed, and that such an act is not within the spirit of the statute even if within its letter.    We hold that none of these claims can be sustained.

Dobara, in substance, testified that he had been ill for about a month; that he had pains in the chest and other parts of his body; that he had trouble in breathing; that he called on the defendant on the day mentioned in the charge and asked him to examine him and treat him; that he designated the parts on which he desired to have the treatment applied; that the defendant burnt mogusa on those parts; that it was a usual treatment; and that the applications relieved the pain.    A police officer testified to having witnessed the treatment of Dobara by the defendant on the occasion in question, and a deputy sheriff was allowed to testify over defendant's objection that on December 19th he had asked the defendant if he was a doctor and that the defendant replied that he cured all kinds of sickness—cases that the doctors could not cure—through the use of mogusa, and that on the following day the defendant handed him two Japanese books which he said he had studied.

The charge does not allege that Dobara had the asthma. We think the pleader meant to aver that the defendant practiced medicine by burning mogusa on the person of Dobara for the treatment of asthma, i. e., that the defendant supposed or believed that Dobara had the asthma. But the defendant's diagnosis of Dobara's ailment was altogether immaterial and any averment as to what the defendant believed was mere surplusage.    An averment which is descriptive of the identity of that which is legally essential to the charge cannot be rejected as surplusage though it be unnecessarily particular, but the averment in question did not relate to a necessary element of the offense; the charge was complete without it.    The general rule is that an indictment will not be vitiated by surplusage and that such matter need not be proved.    *People* v. *Aldrich,* 104 Mich. 455, 459; *Com.* v. *Lord,* 147 Mass. 399; *Hull* v. *State,* 120 Ind. 153;

*Barton* v. *People,* 135 Ill. 405, 408; *State* v. *Corrigan,* 24 Conn. 286. The evidence made it clear that the defendant used the preparation for the treatment of disease in the human subject and so brought the act within the terms of section 1069.

There was evidence before the court to support a finding that mogusa is a drug. A "drug" is "any substance used as a medicine or in the composition of medicines for internal or external use," and "medicine" is "any substance or preparation used in treating disease; a remedial agent; a remedy." Webster's New International Dictionary. The unused contents of a package of mogusa were put in evidence and the testimony showed that the defendant used the substance as a remedy in the treatment of Dobara's ailment.

The testimony of the deputy sheriff was properly admitted. It tended to explain and characterize the defendant's act and to show that it was not one of mere friendly assistance but was performed by one who professed to be able to effect cures. In the case of *State* v. *Blumenthal,* 141 Mo. App. 502, 505, evidence of a sign on a door, and of advertising, was held to have been properly admitted because it tended to support the charge of practicing, notwithstanding the act of advertising as a physician was made an offense by the statute. And in *Mayer* v. *State,* 64 N. J. L. 323, 327, where the charge was of practicing medicine without a license by "prescribing for one Charles Hendrick a certain medicine," etc., it was held that a business card of the accused which tended to show his connection with a certain free dispensary was admissible as corroborative evidence for the prosecution as well as tending to rebut testimony given by the accused.

There is considerable force in the contention made by defendant's counsel that the word "practice" signifies frequent or repeated action and that the performance of a single act could not constitute the practice of medicine. But where, as here, other testimony in the case has colored and characterized the act, and has a direct tendency to show that the act was not a

Territory v. Takamine, 21 Haw. 465.

mere casual or friendly one, but one purporting to be of a professional character, we think it is brought within the intent of the statute. Thus, in *Antle* v. *State,* 6 Tex. App. 202, 206, it was said, "Bearing in mind that the violation charged in the information is the engaging in the practice of medicine without having furnished the clerk with a certificate of qualification, we are of opinion that proof of one act in violation of the statute would be sufficient to support a conviction, the proof being in other respects sufficient,—as that he held himself out to the community in which he lived or sojourned as a physician and the like."

Judgment affirmed.

*L. P. Scott, Deputy Attorney General (Wade Warren Thayer, Attorney General,* with him on the brief), for the prosecution.

*Andrews & Quarles* for defendant.