STATE BOARD OF MEDICAL EXAMINERS OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. BOWMAN F. JONES, PROSECUTOR.

Submitted January 30, 1926—Decided June 7, 1926.

Medicine and Surgery—Practice Without Authority—Act Which Allows Arrest, Prosecution, Fine, Imprisonment on Information and Belief in Allowing a Warrant to Issue for Arrest Upon Hearsay Evidence, Probably Not Unconstitutional, but it is Sufficient in This Case to Say That no Reason Filed in This Case Challenges the Constitutionality, nor was the Question Raised in the Court Below—Trial Without Jury Constitutional—Several Offenses Were Not Included in One Complaint—Practicing Medicine Without Authority, While a Continuing Offense, is a Single Offense.

On *certiorari,* &c.

Before Justices TRENCHARD and KATZENBACH.

For the prosecutor, *Henry J. Stanfield* and *William V. Azzoli.*

For the respondent, *Edward L. Katzenbach,* attorney-general, and *Grover C. Richmond,* second assistant attorney-general.

PER CURIAM.

Jones was convicted in the First District Court of Newark upon a charge of practicing medicine and surgery without a license contrary to the provisions of section 10, chapter 221 of *Pamph. L.* 1921. This writ brings up for review that conviction.

The position of the prosecutor is thus stated in his brief:

"The prosecutor has filed his reasons, and contends, first, that the act and amendments thereto, under which he was prosecuted and found guilty, is unconstitutional, in that it permits the prosecutor to be arrested, prosecuted, fined and imprisoned and his property confiscated without due process of law on information and belief, in allowing a warrant to issue for the arrest upon hearsay evidence, and that he is denied his right by jury trial and his constitutional rights thereby abridged. Secondly, that the warrant charges and accuses the prosecutor with the commission of a number of offenses in one complaint, thereby compelling the prosecutor to answer a series of charges and accusations in one complaint. Thirdly, that the complaint charges the prosecutor with an offense of which he was formerly tried and for which he is again placed on trial with other offenses, subjecting the prosecutor to a second jeopardy for the same offense."

With respect to the first contention, that the act and amendments thereto "is unconstitutional, in that it permits the prosecutor to be arrested, prosecuted, fined and imprisoned and his property confiscated without due process of law *on information and belief in allowing a warrant to issue for the arrest upon hearsay evidence,*" we are inclined to think that is not so. But we think it is a sufficient answer to say that no reason filed in this court challenges the constitutionality of the statute upon the ground that it permits of an arrest "on information and belief in allowing a warrant to issue for the arrest upon hearsay evidence," nor was such question raised in the court below.

With respect to the prosecutor's contention that the statute is unconstitutional because it provides for trial without a

jury, it is a sufficient answer to say that in this court we have held the act to be constitutional as against this objection. *State Board of Medical Examiners* v. *Buettel,* 131 *Atl. Rep.* 89.

With respect to the contention that the "warrant" or complaint charges several offenses in one complaint, we think that an examination thereof discloses that it is not so. We think that it charges the offense of practicing medicine and surgery contrary to the provisions of section 10 of the act during a specified period of time, and that, while a continuing offense was a single offense, nevertheless, and it was for a singe offense of violating the act forbidding the practice of medicine without a license, that the defendant was convicted.

With respect to the contention that the complaint charges the prosecutor with an offense of which he was once formerly tried, for which he is again placed on trial, thereby subjecting the prosecutor to a second jeopardy, we think that a careful reading of the complaint shows that contention to be without merit. It discloses that the former offense charged in the complaint relates to another and different period of time from that charged in the complaint as a second offense, and the proof at the trial related to and showed conclusively the commission of such second offense as distinguished from the former offense.

We remark that the evidence before the trial judge fully supports the conviction.

The judgment of conviction will be affirmed, with costs.