[Crim. No. 900.   Third Appellate District.—September 11, 1926.]

THE PEOPLE, Respondent, v. T. WAH HING, Appellant.

[1] CRIMINAL LAW — VIOLATION OF MEDICAL PRACTICE ACT — TREATMENT OF SINGLE PATIENT—PRACTICE OF MEDICINE—EVIDENCE.—In a prosecution for a violation of section 17 of the Medical Practice Act (Stats. 1913, p. 722), proof of treatment of a single patient, together with evidence of surrounding facts and circumstances, may clearly show that defendant was engaged in the practice of medicine as a business.

[2] ID.—SINGLE TREATMENT OF PATIENT — INFERENCE — EVIDENCE.—In such prosecution, the circumstances surrounding a single treatment of a patient may be such as to warrant the inference that the single treatment was part of the practice of medicine as a business by a defendant.

[3] ID.—TREATMENT OF OTHERS — EVIDENCE.— In such prosecution, evidence to the effect that defendant, on the next day after his indictment, said to another sick woman, who came to defendant's office and stated her condition and asked for medicine, "I will fix you up," was admissible as tending to prove that defendant was practicing medicine as a business in his treatment of another person, and not merely giving incidental treatment to a sick or afflicted person.

[4] ID.—VERDICT—EVIDENCE.—In such prosecution, the evidence was sufficient to sustain the charge against defendant.

[5] ID.—DIAGNOSING, PRESCRIBING, AND TREATING—PRACTICE OF MEDICINE—INSTRUCTIONS.—Diagnosing, prescribing, and treating are constituent parts of the practice of medicine, and in such prosecution it was proper to instruct the jury in relation thereto.

(1) 30 Cyc., p. 1568, n. 95.   (2) 30 Cyc., p. 1568, n. 95.   (3) 30 Cyc., p. 1567, n. 88.   (4) 30 Cyc., p. 1568, n. 92.   (5) 30 Cyc., p. 1561, n. 29, p. 1569, n. 5.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Charles O. Busick, Judge.   Affirmed.

The facts are stated in the opinion of the court.

1.   See 21 R. C. L. 369.
3.   See 20 Cal. Jur. 1069.
5.   See 20 Cal. Jur. 1067.

S. Luke Howe and Johnston, Howe, Hibbitt & Meldon for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was convicted of the violation of section 17 of the Medical Practice Act. (Stats. 1913, p. 722.) This appeal is from the judgment and the order denying a new trial.

The indictment, filed September 16, 1925, charges that the defendant, on the —— day of July, 1925, "did then and there wilfully and unlawfully practice, attempt to practice, and hold himself out as practicing a system or mode of treating the sick and afflicted in this state, without having at the time of so doing a valid, unrevoked certificate from the board of medical examiners of the state of California."

Appellant contends that the evidence is insufficient to sustain the conviction. A witness for the prosecution testified that a neighbor, Mrs. McBride, was ill during the month of July, 1925, for a period of about three weeks, and that she died the first or second of the following month; that the defendant visited the McBride residence during the period "at least three or four times," remaining there "around ten minutes" each time; that his visits were made "a couple of times in the evening, along about seven or seven thirty, and at other times, during the day." A second witness testified that she saw the defendant drive up to the McBride residence once "in the evening, about seven or seven thirty, and one time in the morning"; that one evening a son of Mrs. Mc-Bride used the witness' telephone and asked for "Doctor Hing," and that "in a very few minutes" the defendant arrived at the McBride residence. A third witness testified that she was present in the McBride home on one occasion when the defendant called there and remained for fifteen or twenty minutes; that Mrs. McBride "told defendant she was awful sick"; that he "tried Mrs. McBride's pulse" and "gave her a dose of medicine"; that he left three kinds of medicine and gave the witness directions "how to give this medicine"; that "he fixed it for her; he stewed it for her and steeped it . . . for her"; and that he was addressed as "Doctor Hing" while there and "didn't say anything

about" the use of the word "doctor." A fourth witness testified that Mrs. McBride was "very sick" about July 13, 1925; that she saw the defendant at the McBride residence twice; that he left some herbs one time and directed the witness "to make a tea of them"; that he made a "slight examination" of Mrs. McBride "when she complained of being bloated, . . . just pressed about a couple of times in her abdomen"; that he looked at her tongue "one time"; that at another time he left some gray powder to be put in her tea. A fifth witness testified that he saw the defendant at the McBride residence three or four times; that one morning, "a little before seven o'clock," Mr. McBride requested the witness to telephone to "Doctor Hing"; that the witness called the defendant on the telephone "and asked if it was Doctor Hing, and he says, 'Yes, yes; I am getting the medicine now.' I phoned that Mrs. McBride was in great pain, and Mr. McBride wanted him to come out right away, and he said, 'Yes, yes; I am getting the medicine now' "; that the defendant appeared at the McBride residence "in about a half or three-quarters of an hour after that." A deputy sheriff testified that he arrested the defendant in the latter's office September 17, 1925; that on that occasion a "colored lady came in and says: 'Doctor Hing?' He says: 'Yes.' She says: 'I have pains in my stomach; I would like some medicine.' . . . Doctor Hing says: 'I am busy now; you come back after while; I'll fix you up.' The defendant did not take the witness-stand and the foregoing evidence stands wholly uncontradicted.

Appellant cites *Ex parte Greenall*, 153 Cal. 767 [96 Pac. 604], in support of his contention that the evidence is insufficient to prove the charge in this case. In that case (p. 769) it is said "When we say that one is practicing medicine or surgery or osteopathy, we ordinarily mean that he is engaged in that line of work as a business, . . . and we would not apply the term to one who incidentally and gratuitously suggests or puts into operation some method of treatment in the case of one who is 'sick or afflicted.' . . . It might be sufficient in the complaint to charge simply that one had practiced medicine, or osteopathy, or chiropractics, without such certificate. . . . But the complaint in the case before us, as we read it, contains no such allegation. The

allegation was simply that the defendant did wilfully and unlawfully 'treat the sick or afflicted' without having at the time a valid unrevoked certificate as required by the act.'' It will be observed that in the Greenall case the court was discussing the alleged insufficiency of the pleading therein to state an offense, while the question under consideration here is whether the facts and circumstances given in evidence are sufficient to warrant the inference that the defendant was engaged in the practice of medicine as a business. It is true that no witness testified that the defendant ever treated any patient other than Mrs. McBride, although he treated her on several different days, but it does not necessarily follow that the proof is insufficient. [1] Proof of treatment of a single patient, together with evidence of surrounding facts and circumstances, may clearly show that a defendant was engaged in the practice of medicine as a business. Proof of a single sale of intoxicating liquor by a defendant is not alone sufficient to show the maintenance of a nuisance by him, but the circumstances surrounding the sale may be such as to warrant the inference that the single sale was part of a continuing course of conduct and therefore sufficient to sustain a conviction of maintaining a nuisance. (*People* v. *Mehra,* 73 Cal. App. 162 [238 Pac. 802], and cases there cited. [2] Likewise the circumstances surrounding a single treatment of a patient may be such as to warrant the inference that the single treatment was part of the practice of medicine as a business by a defendant. Here the defendant was addressed as ''Doctor Hing'' and when asked if he was ''Doctor Hing'' he replied in the affirmative. He responded to several calls to attend Mrs. McBride and proceeded to diagnose her case and prescribe medicines of his own selection. He maintained an office, the character thereof not appearing from the evidence, and, the next day after his indictment, he said to another sick woman who stated her condition and asked for medicine, ''I will fix you up.'' [3] He was not on trial, of course, for anything he did on the day of his arrest, but the evidence thereof was admissible as tending to prove that he was practicing medicine as a business in his treatment of Mrs. McBride, and not merely giving incidental treatment to a sick or afflicted person. (*People* v. *Poo On,* 49 Cal. App.

220, 223 [192 Pac. 1090].)   **[4]**   The evidence is clearly sufficient to sustain the charge.

The court instructed the jury substantially in the language of the instruction quoted in the Poo On case at page 224 and also gave the following instruction: "If a patient states his or her ailments and describes his or her symptoms, and asks the defendant to supply herbs or medicines which would effect a cure, and if the defendant thereupon prepared and delivered herbs or medicines of his own selection such selection and delivery under such circumstances would constitute a violation upon the part of the person so furnishing such herbs or medicines of section 17 of the Medical Practice Act under which this prosecution is made." Appellant contends that while these instructions "might have been relevant to a charge of 'diagnosing, prescribing or treating, etc.,' " they are not applicable to the charge actually set out in the indictment. **[5]** "Diagnosing, prescribing and treating," however, are constituent parts of the practice of medicine and it was proper to instruct the jury in relation thereto. If the instructions stood alone they might imply that the jury was authorized to convict the defendant of offenses not charged in the indictment, but the court read the indictment to the jury and gave the following instruction: "You are instructed that to practice, means that he was engaged in that line of work as a business, holding himself out as being so engaged, and that in order to convict the defendant in this case of practicing, or attempting to practice or holding himself out as practicing, a system or mode of treating the sick and afflicted in this state, without having at the time of so doing a valid, unrevoked certificate from the Board of Medical Examiners of the State of California, you must find from the evidence to a moral certainty and beyond all reasonable doubt, that he was practicing, attempting to practice or holding himself out as practicing, a system or mode of treating the sick and afflicted as his business, and that unless you do so find beyond all reasonable doubt and to a moral certainty, your duty is to find the defendant not guilty." In view of this plain and accurate instruction it is highly improbable that the jury could have been misled by the instructions of which complaint is made.

Complaint is made of the court's refusal to give certain instructions requested by the defendant, but the proposi-

tions of law which are contained therein are fully covered by other instructions which the court gave.

The judgment and the order are affirmed.

Pullen, J., *pro tem.*, and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 11, 1926, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 8, 1926.