Talmadge DeWitt BALDWIN, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Nos. 2971, 2972.

Municipal Court of Appeals for the District of Columbia.

Submitted May 14, 1962.

Decided Aug. 2, 1962.

---

7. Sleight v. United States, 65 App.D.C. 203, 82 F.2d 459; Collins v. United States, D.C.Mun. App., 41 A.2d 515, 517.

---

William Bachrach, Washington, D. C., for appellant.

Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Assistant Corp. Counsel, Hubert B. Pair and Ted D. Kuemmerling, Asst. Corp. Counsel, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellant was charged in two informations with the practice of podiatry without a license.[1] The informations were based on two instances of treatment, occurring about a month apart: the first of a woman who came to appellant for treatment of a corn, and the second of an investigator from the Woman's Bureau of the Metropolitan Police Department. Appellant was found guilty on both informations, and given a sentence of $500 or 180 days on each, the sentences to run consecutively. On this appeal there is no challenge to the sufficiency of the evidence to support the conviction. The question instead is whether the practice of podiatry without a license is a continuing offense, for which the practitioner may be tried and sentenced as for only one crime, or whether each act of treatment may be prosecuted as a separate offense.

Healing arts practice statutes in some states answer this question directly by providing that each day of violation, or the treatment of each patient, shall be regarded as a separate offense.[2] When the statute is silent, some cases suggest that evidence of a single treatment is insufficient proof of practice without a license.[3] But the better-reasoned decisions are those which have construed "practice" to permit separate prosecutions for each treatment.[4] "Practicing medicine or surgery does not mean continued or habitual professional acts but, as the object of a restrictive statute is the protection of the public and as a member of the public is endangered by one act of an unqualified practitioner, so a single act may be practicing * * *." State v. Lydon, 170 Wash. 354, 16 P.2d 848, 852; State v. Blackwell, 196 S.C. 313, 13 S.E.2d 433, 434.

■ This appears to be the first case in which the question of the nature of the offense of practicing without a license has been squarely put to this court. Finding ourselves in accord with the reasoning expressed above, we hold that the District of Columbia statute permits the separate prosecution of isolated acts of treatment.

---

1. Code 1961, § 2–701 et seq.

2. Texas: Vernon's Ann.P.C. art. 742; Missouri: Rev.Stats.1949, § 334.030, V.A.M.S.

3. People v. Firth, 157 App.Div. 492, 142 N.Y.S. 634; State Board of Medical Examiners v. Jones, 4 N.J.Misc.R. 536, 133 A. 519; Wilson v. Commonwealth, 119 Ky. 769, 82 S.W. 427; State v. Carlisle, 28 S.Dak. 169, 132 N.W. 686. In People v. Lee, 151 Misc. 431, 272 N.Y.S. 817, it was held that repeated acts of diagnosis and treatment could be prosecuted as one offense, but the court conceded that one such act might suffice to make out the offense.

4. Collins v. Texas, 223 U.S. 288, 32 S.Ct. 286, 56 L.Ed. 439; State v. Cotner, 87 Kan. 864, 127 P. 1, 42 L.R.A.,N.S., 768; People v. Mattei, 381 Ill. 21, 44 N.E.2d 576; State v. Ramsey, 31 N.Dak. 626, 154 N.W. 731. Other cases hold that proof of a single instance of treatment is sufficient when accompanied by evidence of surrounding circumstances, such as advertising. People v. T. Wah Hing, 79 Cal.App. 286, 249 P. 229; Territory of Hawaii v. Takamine, 9 Cir., 21 Hawaii 465.

■ The podiatry statute is one phase of a comprehensive scheme to supervise the practice of the healing arts.[5] The stated purpose of the several statutes varies in minor respects;[6] the purpose of the podiatry provisions being simply "to regulate the practice of podiatry in the District of Columbia."[7] Nevertheless, it is clear from a reading of the entire statute, and from a comparison with the medical and dentistry laws, that it was enacted not merely to attach a badge to professional careers, but to protect the public by assuring that those who hold themselves out as podiatrists have attained a specified level of professional competence. One who fails to submit himself to the scrutiny of the Board of Podiatry Examiners must be considered unfit to practice podiatry, regardless of his claimed qualifications. When he holds himself out as a competent podiatrist, each act of treatment constitutes a fresh menace, each repetition a new threat of the abuse which the statute was designed to prevent.

■ The language of the statute confirms this view of its thrust. It defines a person practicing podiatry as one who "furnishes" or "performs" podiatry service. Both words clearly describe the rendering of podiatry services to individual patients. The underlying purpose of the statute and its wording support the view that each act of treatment without a license may be prosecuted as a separate violation.

■ It is also argued that the trial court by its lengthy interrogation of appellant conveyed to the jury the impression that the court deemed the witness unworthy of belief. The record shows that the questions were asked in an effort to clear up seeming inconsistencies in appellant's testimony as to his education and background. While the questioning was vigorous and persistent, appellant has fallen far short of making the necessary clear showing that the court thereby exceeded the permissible limits of judicial involvement.[8]

Affirmed.

---

5. These include, inter alia, the healing arts, Code 1961, § 2–101 et seq.; dentistry, § 2–301 et seq.; nursing, § 2–401 et seq.; optometry, § 2–501 et seq.; pharmacy, § 2–601 et seq.; and veterinary medicine, § 2–801 et seq.

6. The purpose of the healing arts practice act is stated to be "to regulate the practice of the healing art to protect the public health in the District of Columbia." 45 Stat. 1326. The dentistry statute is described as "an act for the regulation of the practice of dentistry in the District of Columbia, and for the protection of the people from empiricism in relation thereto." 27 Stat. 42.

7. 40 Stat. 560.

8. Roberts v. United States, 109 U.S.App. D.C. 75, 284 F.2d 209, certiorari denied 368 U.S. 863, 82 S.Ct. 109, 7 L.Ed.2d 60; Kowalsky v. United States, 5 Cir., 290 F.2d 161, certiorari denied 368 U.S. 875, 82 S.Ct. 120, 7 L.Ed.2d 76; Simon v. United States, 4 Cir., 123 F.2d 80, certiorari denied 314 U.S. 694, 62 S.Ct. 412, 86 L.Ed. 555.