Opinion
CAHILL, J.
The above entitled matter having been argued and submitted, this court reverses the judgment of the trial court. The appellate department finds that the trial court erred in denying appellant’s motion for nonsuit and granting judgment to respondent where the cause of action was based on a void transaction pursuant to California Business and Professions Code sections 6870 and 6852.
Statement of Facts
At trial, James Loesch, owner of Predator Collection Services, testified that he purchased 578 outstanding accounts from Bank of America at a *Supp. 10 public auction on July 26, 1989, but that he only became a licensed collection agency on July 31, 1989. He did not take any action to collect any of the accounts before becoming licensed. However, according to the August 3, 1989, bill of sale and assumption agreement supplied by Loesch himself, the bank made the July 26th transaction with “Predator Collection Services” as the “Buyer”: “The Bank, for value received and in connection with the Credit Card Purchase and Sale Agreement dated July 26, 1989 between Buyer [.Predator Collection Services] and the Bank . . . has, without recourse, transferred, sold, assigned, conveyed, granted, bargained, set over and delivered, ... the Accounts described in Paragraph 1.1. of the Purchase Agreement ....
[Signed] By James Loesch
Title Pres/Owner”
(Bracketed insertion in original, italics added.)
Appellant did not object to the lack of proof of the original purchase and sale agreement, and Loesch made no offer of such proof. However, Loesch testified that appellant’s account was included among the 578 accounts “he” purchased.
Upon learning at trial of this lack of license at the auction, appellant moved for nonsuit on the ground that Bank of America’s assignment was void due to Loesch’s illegal bid for it while both he and Predator Collection Services were unlicensed. Counsel cited Business and Professions Code section 6870 on licensing of collection agencies. The court recessed to consider the applicability of this statute but decided that such section did not apply.
Judgment for payment of $2,745.46 was entered in favor of Loesch, with an additional $590.27 for prejudgment interest, costs, and $750 for attorney fees.
After entry of judgment, appellant made a motion for nonsuit again and a motion to vacate the judgment. These motions were denied.
Discussion
Interpretation and applicability of a statute is a question of law and therefore is subject to appellate review. (Sutco Construction Co. v. Modesto High School Dist. (1989) 208 Cal.App.3d 1220, 1228 [256 Cal.Rptr. 671].) *Supp. 11 In the instant case, the trial court failed to properly interpret and apply sections 6870 and 6852 of the Business and Professions Code.
1. Business and Professions Code section 6870.
The California Legislature decided to regulate the filed of collection of claims in enacting Business and Professions Code section 6850 et seq. Section 6870 provides that: “No person shall engage within this State in the business of collecting claims for others or conduct within this State a collection agency as defined in Sections 6852 and 6853 of this chapter unless he shall hold a valid collection agency license pursuant to the provisions of this chapter.” (Italics added.)
The prerequisite of obtaining a license in order to engage in the business of a collection agency has been found to be a reasonable interference with the right to conduct a business. (Powers v. Floersheim (1967) 256 Cal.App.2d 223 [63 Cal.Rptr. 913], cert. den. (1968) 391 U.S. 951 [20 L.Ed.2d 864, 88 S.Ct. 1849].) The Legislature has reasonably concluded that “. . . debt collection is a fertile field for the attraction of elements whose effectiveness comes from an overzealous use of coercion, and that persons entering this field are to be screened because of this risk.” (Id. at p. 234.)
Where a single transaction is at issue, the court looks to the intent of the actor to determine whether the provisions of business or occupational licensing requirements apply. People v. T. Wah Hing (1926) 79 Cal.App. 286 [249 P. 229].) In People v. T. Wah Hing, supra, the reviewing court found the defendant guilty of engaging in the business of medicine without a license and explained that proof of just a single transaction “. . . together with evidence of surrounding facts and circumstances, may clearly show that defendant was engaged in the practice of medicine as business.” (Id. at p. 289.)
The facts and circumstances surrounding the July 26, 1989, transaction show that Loesch was conducting a collection agency. The trial court examined the bill of sale and assumption agreement and admitted it into evidence. The terms of the bill of sale and assumption agreement unambiguously identify the “Buyer” at the July 26, 1989, auction as “Predator Collection Services.” Even if the language was “reasonably susceptible” to another meaning, no extrinsic evidence was put forth to alter the terms. (See Pacific Gas E. Co. v. Thomas Drayage etc., Co. (1968) 69 Cal.2d 33 [69 Cal.Rptr. 561, 442 P.2d 641, 40 A.L.R.3d 1373].)
The conduct of bidding, not for a handful, but for 578 delinquent credit card accounts, and designating “Predator Collection Services” as “Buyer” in *Supp. 12 the July 26, 1989, transaction, certainly suggest an intention to engage permanently in the occupation as a collection agency as of that date, if not earlier. These acts clearly indicate that Loesch was not simply acting as an individual in a one-time transaction. It was error, therefore, for the trial court not to consider the application of Business and Professions Code section 6870, given Loesch’s failure to become licensed prior to such conduct.
2. Business and Professions Code section 6852.
A “collection agency” is defined in Business and Professions Code section 6852 as: “[A]ll persons engaging, directly or indirectly as a primary or secondary object, business, or pursuit, in soliciting claims for collection or in the collection of claims owed or due or asserted to be owed or due to another whether the collection effort is directed at the primary debtor or some secondary source of payment.” (Italics added.) (See also Business and Professions Code section 6853 on use of collection system forms as another indication of being a collection agency.)
As to whether “soliciting claims for collections” is equivalent to bidding at an auction, this appellate department finds that the bidding for and purchase of 578 delinquent credit card accounts constitutes a solicitation of claims for collection.
The term “solicit” is “. . . literally defined by its common dictionary meaning.” (Golden State Linen Service, Inc. v. Vadalin (1977) 69 Cal.App.3d 1, 8 [137 Cal.Rptr. 807].) For example, in finding a solicitation of orders for intoxicating liquors without a license, the court in Golden & Co. v. Justice Court (1914) 23 Cal.App. 778 [140 P. 49], relied on the dictionary definition of the term. “ ‘Solicit’ according to Webster’s Dictionary is ‘to aply to for obtaining something; to wake or excite to action; to arouse a desire in, . . .’” (Id. at p. 798.) Black’s Law Dictionary defines “solicit” as “to ask for the purpose of receiving,” and provides that “though the word implies a serious request, it requires no particular degree of . . . supplication.” (Black’s Law Dict. (5th ed. 1979) p. 1248, col. 2.)
In the context of an auction, the bidders are offerors. (Estate of Lynch (1923) 62 Cal.App. 687, 690 [217 P. 807].) While a bidder may withdraw or revoke a bid prior to the auctioneer’s announcement of a completed sale, this does not vitiate the act of trying to obtain or requesting the 578 credit card accounts.
Finally, the term “solicit” itself is not unconstitutionally vague. (Pryor v. Municipal Court (1979) 25 Cal.3d 238, 254 [158 Cal.Rptr. 330, 599 P.2d 636].)
*Supp. 13 3. Where a transaction violates statutory licensing requirements and is subject to a criminal penalty, the resulting contract is void by implication even though not specifically by statute.
In the instant case, not only was the contract of assignment or sale illegal pursuant to Business and Professions Code sections 6870 and 6852, but Loesch’s conduct is subject to criminal prosecution. A person, firm, or association who operates a collection agency without a license is guilty of a misdemeanor and can be punished by a fine not exceeding $10,000 or by imprisonment not exceeding one year or by both fine and imprisonment. (Bus. & Prof. Code, § 6871.)
Even though the Business and Professions Code does not have a specific provision making all contracts unenforceable where the collection agency is not licensed, the existence of the criminal penalty implies a prohibition. (Payne v. De Vaughn (1926) 77 Cal.App.399 [246 P. 1069].) If the Legislature forbids the carrying on of business without the securing of a license and makes such action a criminal offense, any contract involved is void. (California Chicks, Inc. v. Viebrock (1967) 254 Cal.App.2d 638, 642 [62 Cal.Rptr. 269].)
For example, in California Chicks, Inc. v. Viebrock, supra, 254 Cal.App.2d 638, the trial court found that the contract upon which the plaintiff based its claim for damages was unenforceable because the plaintiff was not licensed to buy agricultural produce as required by the Agricultural Code at the time the contract was made. In upholding that finding, the reviewing court explained: “It is true that the Agricultural Code contains no provision prohibiting, in so many words, a produce dealer who has no license from bringing an action upon a contract for the purchase of farm produce entered into by him at a time when he had no license. But as said in Wood v. Krepps, 168 Cal. 382, 386 [citation]: ‘. . . when the object of the statute or ordinance in requiring a license for the privilege of caring on a certain business is to prevent improper persons from engaging in that particular business, or is for the purpose of regulating it for the protection of the public . . . , the imposition of the penalty amounts to a prohibition against doing the business without a license and a contract made by an unlicensed person in violation of the statute or ordinance is void.’ ” (Id. at p. 641) This treatment of the contract as a nullity was upheld even though the plaintiff did not realize that he needed a license and soon obtained one upon learning of this requirement. (Id. at p. 639.)
Loesch having no enforceable claim, the trial court erred in denying appellant’s motion for nonsuit and entering judgment for Loesch.
*Supp. 14 Therefore it is ordered by the court that the judgment below is reversed.
Kay, P. J., and Gyemant, J., concurred.