[Crim. No. 4629. First Appellate District, Division One.—June 28, 1923.]

In the Matter of the Estate of JEREMIAH LYNCH, Deceased. FIRST FEDERAL TRUST CO. (a Corporation), Respondent, v. CHARLES STEWART, Appellant.

[1] ESTATES OF DECEASED PERSONS—PRIVATE SALE OF REAL PROPERTY —NOTICE—OFFER—ACCEPTANCE OF SUBSEQUENT HIGHER BID—CONFIRMATION.—Where an executor advertises a sale of certain real property under the provisions of section 1549 of the Code of Civil Procedure, the notice stating that the executor will sell at private sale, on or after a given hour on a specified day, to the highest bidder therefor, upon certain terms and conditions mentioned, one of such conditions being that all bids or offers should be in writing, such notice does not constitute an offer, so as to require the executor to accept the highest written bid or offer received prior to the time specified, but upon the opening of the bids he is authorized to call for and receive an oral bid for a higher sum, and to accept the same upon its being reduced to writing, and if such sale is otherwise conducted in conformity with the law it is properly confirmed by the court.

APPEAL from an order of the Superior Court of the City and County of San Francisco confirming a probate sale of real property. Affirmed.

The facts are stated in the opinion of the court.

Knight, Boland, Hutchinson & Christin for Appellant.

Cushing & Cushing and Harold L. Levin for Respondent.

Joseph G. De Forest, as *Amicus Curiae.*

TYLER, P. J.—This is an appeal from an order confirming the sale of certain real property in the above-entitled estate.

The facts are substantially without conflict. [1] It appears therefrom that the First Federal Trust Company, executor of the will of Jeremiah Lynch, advertised a sale of certain real property under the provisions of section 1549 of the Code of Civil Procedure. The notice stated that the executor would sell at private sale on or after Monday, the ninth day of October, 1922, at 10 o'clock A. M. of said day, to the highest bidder therefor, upon the terms and conditions mentioned. One of the terms provided that all bids or offers should be in writing. In response to this notice four bids were received by the executor, and subsequently at the time stated in the notice the representatives of such bidders were present in the office of the executor when the bids were opened. The executor announced that the highest bid received was $131,550, and then asked if there was anyone who wished to raise the amount. Thereupon one of the bidders made an oral offer in a higher sum. Other bids followed, the appellant herein raising his own offer twice, until finally one Louis Levin made a bid of $136,000, which was the highest one received, and upon being reduced to writing it was accepted by the executor, and ten per cent of the purchase price was thereupon paid. Appellant's original bid made in response to the notice of sale was the highest sealed one received, it being $131,550. No objection, however, was made by him to the action of the executor in calling for or receiving higher bids. On the contrary, as heretofore stated, when such bids were asked for he voluntarily and without objection entered into the competitive bidding. Thereafter the executor filed a return in the superior court of the sale to Louis Levin at the price of $136,000. At the hearing and for the first time appellant objected to the confirmation of the sale on the ground that it was not legally made or fairly conducted, for the reason that the executor, instead

of accepting the highest written bid offered, proceeded to open the bidding to all present in the manner of a sale at public auction.

In his objections to the confirmation of the sale appellant prayed that the court order and direct the executor to confirm his bid and offer, or in its discretion order a new sale to be made. The court overruled the objection, and confirmed the sale to Mr. Levin at $136,000. The appraised value of the property in June, 1922, was $130,000. Appellant here seeks a reversal of the order of confirmation, claiming that an agreement of sale was created between him and the executor upon the return of his sealed bid, and that the sale to Levin was void for the reason that it was accepted pursuant to a sale at public auction rather than at private sale as advertised.

It is argued in support of this contention that by reason of the change in the statutory provisions of the code relating to sales and conveyances of property of deceased persons, there is now no provision which declares that a sale by an executor is invalid until confirmed; that as the law now stands an executor may sell property of the estate upon his own initiative whenever he thinks that such sale is necessary to pay the debts and legacies, or when it is for the advantage, benefit, or best interests of the estate and those interested therein, without an order of court (Code Civ. Proc., sec. 1536); and that a sale when made is binding upon the estate unless there exists some statutory ground for refusing it as laid down in the code (*In re Pearsons,* 98 Cal. 603 [33 Pac. 451]; *Bennallack* v. *Richards,* 125 Cal. 427 [58 Pac. 65]; *Estate of Robinson,* 142 Cal. 152 [75 Pac. 777]).

These cases have to do with the validity of executed sales between executors and purchasers, and they declare under what circumstances they must be confirmed. We fail, however, to see in what manner appellant is aided in his contention by the doctrine announced therein. The vice of appellant's argument is in assuming that the acts here presented constitute a sale. The notice merely amounts to an indication to sell; and the mere submission of a bid in response thereto cannot be construed as an acceptance of an offer. That the executor did not accept the appellant's bid (offer) is evidenced by his act in calling for higher bids

and his acceptance of the Levin offer. The act of the executor in advertising for bids did not, therefore, constitute an offer. It was but a mere preliminary act amounting to no more than a mere solicitation of bids, leading up to a sale. The bid of appellant was, of course, an offer, but until accepted no rights were created thereby between the parties. There is nothing in the advertisement to the effect that the sale would be without reserve; and even in the case of sales by auction in the absence of such condition it has been uniformly held that the mere advertising for bids does not in itself constitute an offer, but is rather a mere invitation for an offer, and that the property advertised may be withdrawn at any time before acceptance (1 Williston on Sales, sec. 30 et seq.; Civ. Code, sec. 1794). Had the notice contained the announcement that the sale would be without reserve there might be some merit in appellant's contention. (Civ. Code, sec. 1796.)

We do not wish to be understood, therefore, as holding that it is not possible for one seeking tenders to be bound by a notice expressed in positive terms that he will accept the highest bid. The case, however, does not present this situation.

If the effect of a notice of public auction sale does not constitute an offer, there is every reason for holding that one of private sale does not. There is no distinction in principle.

Then again the notice stated that the executor would sell at private sale *on or after* the time mentioned therein, which indicates that other bids would be considered if presented subsequently. This is in conformity with the duty of the executor to obtain the best possible price for the property entrusted to his care, and is in keeping with the requirements of the statute (Code Civ. Proc., sec. 1549), providing that such sales must not be made before the day noticed, but must be made within six months thereafter.

The further objection is made that the sale to Mr. Levin was made upon an oral bid, which was void under the statute (Code Civ. Proc., sec. 1549). There is no merit in this contention. From the evidence it appears that upon acceptance of the highest bid it was immediately reduced to writing, and the necessary deposit made.

There was nothing in connection with the sale that was unfair, and the price obtained was the highest offered, and there is no evidence to show that it was disproportionate to the value of the property, nor was there any legal reason presented against its confirmation. There was, therefore, nothing left for the court to do but to confirm it (*Estate of Leonis,* 138 Cal. 194 [71 Pac. 171]).

Respondent claims in support of the order that whatever rights appellant may have had he waived when he entered into the competitive bidding, and that his act in so doing constituted a relinquishment of his bid, and he is therefore estopped to object to the confirmation of the sale. Considering the conclusion we have reached it is unnecessary to discuss or decide this question.

Concluding, as we do, that the notice of sale amounted to nothing more than a solicitation for bids, the response thereto by appellant created in him no rights, his offer not having been accepted. This being so, the judgment should be and is hereby affirmed.

St. Sure, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 27, 1923.