[Civ. No. 8429.   Third Dist.   Apr. 19, 1954.]

Estate of JOHN R. COLE, Deceased. MURIEL W. BROWN et al., Appellants, v. JOSEPH A. COLE, as Administrator, etc., Respondent.

Edward T. Koford for Appellants.

Murphy, Brownscombe & Gleason and Thomas A. Brownscombe for Respondent.

SCHOTTKY, J.—This is an appeal by an unsuccessful bidder from an order confirming the sale of a parcel of real property belonging to the above entitled estate.

The facts, which are not in dispute, are substantially as follows: The parcel in question was sold at private sale to Lloyd Demrick for the sum of $6,200, and thereupon respondent reported the sale to the superior court for confirmation and the same was noticed for hearing on December 5, 1952. Upon the hearing of said report and petition for confirmation of sale, appellant Poulsen, a real estate broker, acting as appellant Brown's agent, increased by 10 per cent the bid theretofore made by Demrick, and thereafter by competitive bidding in open court Demrick finally bid the sum of $7,575 for said real property, and Brown (through Poulsen) bid the sum of $7,600, which latter bid was made subject to the payment of a 5 per cent commission to Poulsen. Both bids were reduced to writing and the usual 10 per cent deposits were paid into court, Brown depositing 10 per cent of the whole $7,600. There is no contention that the sale or return was irregular in any respect. On December 12, 1952, the court made an order confirming the sale to Demrick for the bid price of $7,575. The order contains the following recitals, among others:

". . . that in open Court Lloyd M. Demrick offered in writing the sum of $7,575.00 for said real property upon the terms prescribed in the notice of sale, and in open Court Dana C. Poulsen, on behalf of Muriel Brown, offered in writing the sum of $7600.00 for said real property, upon the condition that there be paid Dana C. Poulsen as agent a commission of five per cent of the amount so bid; that said Lloyd M. Demrick is a responsible person, his bid complies with all provisions of the law, is not subject to the payment of a commission, and is the highest and best bid; that the Court accepted said bid of Lloyd M. Demrick."

The written bid of Brown was in the form of a "Deposit Receipt" agreement between Poulsen and Brown, acknowledging receipt of the $760 deposit paid by Brown and stating the terms and conditions upon which Brown would purchase the property. Appended to the form, after Poulsen's and Brown's signatures, is the following paragraph, apparently for execution by respondent:

"I agree to sell the above described property upon the terms and conditions herein stated. I agree to pay said broker, employed by me to sell said property, as commission the sum of *5%, subject to court confirmation* Dollars, or one-half of the amounts paid hereon should same be forfeited by

purchaser. One-half of said amount, however, shall not exceed said commission.

_____

_____

_____

                                                            Seller''

"There is no evidence that respondent or any other representative of the estate ever employed Poulsen or any other real estate agent to secure a buyer for the property.

The principal contention of appellant, which, appellant states, "presents the real crux of the appeal," is that appellant Brown bid $7,600 for the property, that this was the highest bid, and that pursuant to section 785 of the Probate Code the court could do only one of two things, i.e., either accept this bid of $7,600, without thinking in terms of a "net bid," or order a new sale.

When the Probate Code was adopted in 1931, the provisions of the Code of Civil Procedure relating to probate proceedings were in substance incorporated in the Probate Code. The provisions of the former section 1559 of the Code of Civil Procedure were in substance incorporated in sections 760 and 761 of the Probate Code, and the provisions of the former sections 1552 and 1554 of the Code of Civil Procedure were in substance incorporated in section 785 of the Probate Code.

Section 760 authorizes the executor or administrator to enter into a written contract with any bona fide agent to secure a purchaser for any real or personal property of the estate and provide for the payment of a commission, the amount of which must be fixed and allowed by the court upon confirmation of sale. Section 761 provides:

"In case of sale on an increased bid made at the time of confirmation to a purchaser not procured by the agent holding the contract, the court shall allow a commission on the full amount for which the sale is confirmed, one-half of said commission on the original bid to be paid to the agent whose bid was returned to the court for confirmation and the balance of the commission on the purchase price to the agent, if any, who procured the purchaser to whom the sale was confirmed."

Section 785 sets forth the proceedings in court upon the hearing of a petition for the confirmation of sale, and provides that the court must first determine if the sale is necessary or for the benefit of the estate and further provides that "if a written offer of 10 percent more on the first ten thousand

dollars ($10,000) bid and 5 percent more on the amount of the bid in excess of ten thousand dollars ($10,000) is made to the court by a responsible person, and the offer complies with all provisions of the law, it is in the discretion of the court to accept such offer and confirm the sale to such person or to order a new sale.''

Section 761.5 was enacted in 1945, undoubtedly for the purpose of clarifying the provisions of section 761 after the decision in 1944 in *Estate of Rule*, 25 Cal.2d 1 [152 P.2d 1003, 155 A.L.R. 1319], and read as follows:

''Where an original bid is made by a purchaser direct to the estate and thereafter at the time of hearing the return of sale containing the original bid, an increased bid is made by a bona fide agent which results in the confirmation and sale of the property at such increased bid, the court shall allow a commission to the agent who procured the increased bid, which commission shall be fixed by the court at such amount as the court, in its discretion, finds will be a reasonable compensation for the services of the agent to the estate.''

Appellant argues that said section 761.5 was enacted to provide for the payment of a commission to the ''raise broker'' who procures a successful bidder on an increased bid in open court. ██ However, it must be borne in mind that the executor or administrator of an estate is in effect a trustee for the creditors and the heirs of the deceased, and that the Probate Court is in effect the guardian of the estates of deceased persons. ██ In the sale of property belonging to an estate it is the duty both of the executor and the court to endeavor to obtain the highest price possible for the property sold. ██ Bearing these principles in mind, there is nothing in the provisions of section 761.5 which requires the court to accept any bid or confirm any sale unless the amount that the estate will derive from said bid is actually the highest amount offered. We do not believe that the intent of the Legislature in enacting section 761.5 was to benefit an agent or broker who might appear at the hearing at the expense of and to the detriment of the estate.

██ In the instant proceeding, as hereinbefore set forth, the executor had not entered into any agreement with any agent to secure a purchaser or to pay a commission. He reported the highest bid he had received in his return of sale and petition for confirmation. Appellant Poulsen as agent for Brown appeared at the hearing and competitive bidding was engaged in. Lloyd Demrick made a bid of $7,575 and

thereupon appellant Poulsen, on behalf of appellant Brown, made a bid of $7,600, subject to the payment of a commission of 5 per cent, as hereinbefore set forth. The following colloquy then occurred:

"THE COURT: Well, now, counsel, what is the point upon which you contend that Mr. Poulsen's bid should be accepted by the Court over and above the bid of the next lowest bidder?

"MR. KOFORD: It is our contention, if the Court please, that the Court on a bid in open court above the ten percent has one of two things to do under Section 785, and that is to accept the high bid or to order a new sale without reference to expenses of a new sale or any commission deducted therefrom.

"THE COURT: Accept the first bid made?

"MR. KOFORD: The highest bid.

"THE COURT: Well, if that is true, the highest bid would be the next lowest bidder which would net the greatest amount to the estate.

"MR. KOFORD: Well, that is where we differ, if the Court please. The Court should not consider the net amount, but should take the high bid, to-wit, $7,600.

"THE COURT: That would be true if there was a binding agreement made with the administrator by Mr. Poulsen as a real estate broker or acting on behalf of the administrator under a written agreement, and then, of course, the estate should pay the commission without any question but here, if Mr. Poulsen's position is correct, anyone who is a real estate broker could come into court and buy property of an estate five percent cheaper than anyone else because they could bid on behalf of a relative and it would be subject to five percent commission, and could always be bought five percent cheaper. That is not what the law contemplates I am sure.

"MR. KOFORD: Well, the result would be this: Any broker in Court, as against a buyer not represented by a broker, would have to sit down and figure five percent above the bid——

"THE COURT: That is something we can't consider here because in these probate matters we are concerned about the greatest benefit to the estate and that is the only thing. Now, as I say, if Mr. Poulsen had had an agreement with the administrator and the administrator had offered this for sale through him and he had found a buyer, then his position would be sound, but in view of the fact there was no such agreement, and nothing before the Court, I can't see how

the Court can accept that bid because it would net less to the estate than the next lowest bid, and the Court is concerned primarily with the best interests of the estate.''

The court then confirmed the sale to Lloyd M. Demrick for the sum of $7,575.

We believe that the trial court correctly construed the foregoing provisions of the Probate Code and did not err in its confirming said sale. If the court had confirmed the sale to appellant Brown, as appellants contend that the court was bound to do, the effect would have been to confirm an offer that by its terms would net $7,220 to the estate as against the sum of $7,575 offered by Demrick. To have done so would certainly not have been for the benefit of the estate, and we do not believe that either reason, statute or authority would support such a ruling.

Appellants rely on certain language in *Estate of Naftzger,* 24 Cal.2d 595, 599 [150 P.2d 873], as supporting their contention that the court could not take the commission into consideration in determining the amount of appellant Brown's bid. As in the instant case, the Naftzger case involved a bid made by a new bidder at the hearing of a petition to confirm a sale of real property. The bidder, there, bid exactly 10 per cent more than the original bid returned for confirmation. The bid was in writing and stated that ''The name of real estate agent procuring within bid, and to whom commission is to be paid, according to law, if confirmed by court to within bidder is as follows: Geo. S. Preninger.'' The court accepted the increased bid, confirmed the sale, and ordered the payment of a commission of $345 to the real estate agent named in the bid. The unsuccessful bidder appealed and sought to have the order of confirmation set aside, contending that the accepted bid was not an increase of 10 per cent because it did not net the estate that amount. The sale was made under the alternative procedure set out in the last sentence of section 785. The Supreme Court refused to read into the provision any requirement that additional commission payable by reason of the increased bid must be added to the amount of the bid, stating, at page 600:

''We are of the view that the probate court should be permitted 'the exercise of a wise discretion' [citing cases] in determining whether to confirm a sale on a bid made in open court of barely 10 percent more in amount than that named in the return or to order a new sale. We perceive no sufficient reason for reading into the second sentence of section 785 the requirement that to 'ten per cent more in amount than

that named in the return'—which amount 'named in the return' in the contemplation of the statute may be subject to the payment of commissions and other expenses—there be added some assumed amount equal to the expenses of 'a new sale' which is not to take place or an amount equal to an expense which may be incident on confirmation of the sale in the original proceedings to the new bidder. [Citing *Estate of Bradley,* 168 Cal. 655, 660 (144 P. 136).] The statute itself does not specify such requirement; we shall not add it."

It should be noted that the bid in the Naftzger case was a bid of $12,650 and was not conditioned upon the payment of a specified commission as was the bid in the instant case. It should also be noted that the commission of $345 allowed by the court was less than 3 per cent of the amount bid, and that, after deducting the commission, the net amount derived by the estate was $12,305, which was $805 more than the original $11,500 bid. We do not believe that the cited case can be considered as an authority sustaining appellants' contention that the arbitrary fixing by a bidder of a 5 per cent commission in his bid can be disregarded by the Probate Court in determining if the bid is a higher bid than a bid not subject to a commission which would net a greater amount to the estate. Admittedly in the Naftzger case the increased bid was 10 per cent higher than the bid returned to the court, and the Supreme Court, in construing the last sentence of said section 785, said at page 599:

"So construing the use of the word here, it appears that the authority granted the probate court either to accept an increased bid of 10 per cent made in open court and forthwith confirm the sale to the bidder or, if the court's discretion so dictates, 'to order a new sale,' does not contemplate that such bid in open court must include in addition to the specified 10 per cent increase, 'the expenses of a new sale.' "

Our conclusion is that the court correctly concluded that the bid of Demrick was the highest bid and that there was no error in the order confirming the sale to him. In view of this conclusion it is unnecessary to discuss the other contentions made by appellants.

The order confirming sale is affirmed.

Peek, J., and Paulsen, J. pro tem.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 16, 1954.

---

*Assigned by Chairman of Judicial Council.