261 Cal.App.2d 827 (1968)
Estate of CHARLES GREER, Deceased. FRANK ABERLE, as Special Administrator, etc., Petitioner and Respondent,
v.
BEN SCHAFFER et al., Objectors and Appellants.
Civ. No. 11644. 
California Court of Appeals. Third Dist. 
May 6, 1968.
 John Kappos for Objectors and Appellants.
 Darrah & Darrah and Guard C. Darrah for Petitioner and Respondent.
 FRIEDMAN, J.
 This is an appeal from a probate court order refusing to confirm a sale of real estate and rejecting an application for commission by real estate brokers.
 The administrator of the estate published a notice of private *828 sale of real estate, inviting written bids and declaring: "The highest net bid will be returned to the court for confirmation at which time such bid or the highest net bid in court will be accepted by the undersigned. Net bid means the bid which returns the greatest net cash to said estate. The undersigned [administrator] reserves the right to reject all bids, up to the time of actual signing of order confirming sale."
 A written bid of $90,000 accompanied by a deposit was submitted by one Mencarini. The administrator petitioned the court for confirmation of the sale to Mencarini. Notice of confirmation hearing was published. Two pair of bidders appeared at the confirmation hearing, and oral bidding took place. Joint bids were submitted by Farina and Gould and by Ferrero and Kappos. Ben Schaffer, a member of the real estate brokerage firm of Katzakian and Schaffer, was the spokesman for Ferrero and Kappos during the early part of the bidding. At one point the attorney for the estate inquired whether the Ferrero-Kappos bids were subject to a broker commission or whether they were net to the estate. Schaffer explicitly stated that the bids were net, and the buyers would themselves pay for any brokers' commission. After an oral bid of $106,000 by Farina and Gould, the Ferrero-Kappos combination bid $106,250 and the bidding stopped. The court directed the attorney for the administrator to prepare a written order confirming the sale to Ferrero and Kappos. The clerk entered an order in the court's minutes confirming the sale to Ferrero and Kappos.
 On the day following the bidding Katzakian and Schaffer noticed a motion for an order which would allow them a five per cent brokerage fee for their services to the estate in procuring the successful Ferrero-Kappos bid. The administrator filed an objection to the fee application, stating that bids had been received on the understanding that they represented net offers; declaring that a higher net bid than $106,250 could be obtained; declaring that no confirmation order had actually been signed by the court; stating that the administrator, exercising the right reserved in the notice of sale, had rejected all bids. After hearing the parties, the court signed and filed an order which, in effect, refused confirmation of the sale and denied the application for a brokers' commission. Katzakian and Schaffer as well as Kappos, one of the two high bidders, took an appeal.
 The appellant brokers lodge their claim under Probate Code section 761.5, authorizing allowance of a reasonable fee to an agent for his services to the estate when he has procured an *829 increased bid resulting in a court-confirmed sale. The parties focus their argument on Probate Code section 785, as amended in 1955. Appellants contend: (a) that section 785 does not permit an estate to avoid paying brokerage fees through the device of advertising for net offers, and (b) that the probate court was under a mandatory duty to confirm the sale to the highest bidders since, in the statutory phrase, the sale was legally made and fairly conducted. [fn. 1] In their brief appellants have shifted from the position they took in the probate proceedings, now stating that they will pay their own brokerage commission should the court so hold.
 [1a] We do not reach the question whether section 785 prevents a probate sale restricted to net bidding. Appellants fail to surmount two preliminary hurdles. The first is the requirement of a written, signed bid. Section 782 requires that *830 preliminary bids at a private probate sale be in writing. Section 785, dealing with additional bids at the confirmation hearing, restricts the bidding to written offers. (See California Estate Administration, supra, pp. 595, 601.) Any oral bidding in court can only be preliminary to the submission of a written, signed offer. (See, for example, Estate of Herz, 147 Cal.App.2d 100, 104 [305 P.2d 278].) If Ferrero and Kappos ever submitted a written bid, the record fails to disclose it. On the record, all Ferrero and Kappos' bids were oral. They did not confirm their oral bid of $106,250 by a written, signed offer. A probate court may confirm a sale to one who outbids the original offeror only when "such increased bid complies with all the provisions of the law. ..." (Prob. Code, 785; see Wood v. Roach, 125 Cal.App. 631, 639 [14 P.2d 170].) Only an increased bid in writing complied with the law. [fn. 2] The brokers Katzakian and Schaffer could claim a commission only for an increased bid resulting in confirmation and sale. (Prob. Code, 761.5; Wilson v. Fleming (1930) 106 Cal.App. 542, 547-548 [289 P. 658].) The bid of $106,250 procured by these brokers never reached the point of confirmation and sale, because it was never submitted in the written form demanded by law.
 Secondly, aside from its deficiency of form, the Ferrero-Kappos bid was rejected by the administrator along with all other bids, pursuant to the power reserved in the notice of sale. Although the sale provisions of the Probate Code neither expressly authorize nor inhibit such a reserve clause, its propriety has been recognized. (Estate of Lynch (1923) 62 Cal.App. 687, 689-690 [217 P. 807]; California Estate Administration, supra, pp. 592-593; 12 California Forms of Pleading and Practice (M. Bender & Co. 1964) pp. 363-364; 2 Owens, Forms and Suggestions for California Practice, p. 740; cf. 2 Condee, California Probate Court Practice (2d ed.) 1041, p. 88.) [2] Such a notice is not an offer to sell, but an invitation for offers to buy, which may be rejected prior to acceptance. (Estate of Lynch, supra.)
 [1b] Appellants argue that such an acceptance occurred when, at the conclusion of the oral argument, the clerk *831 entered a minute order purportedly confirming the sale to Ferrero and Kappos.
 If viewed as an expression of the court's decision, the minute order was incomplete, for it failed to recite compliance with notice-of-sale procedures. (Prob. Code, 756; Estate of Herz, supra, 147 Cal.App.2d at pp. 104-105.) So viewed, it was in excess of jurisdiction, for no written bid or written confirmation of oral bid had been submitted by the buyers. In any event, the record shows that upon conclusion of the oral bidding the court directed preparation and submission of a written confirmation order.probate orders may be entered in the court's minute book or else signed by the judge and filed. (Prob. Code, 1221.) The court's direction for preparation, signing and filing of a written confirmation order signified that it did not intend the minute entry as its decision. The court was not precluded thereafter from countermanding or striking the minute entry and entering such order as then seemed proper. (Estate of Spreckels (1913) 165 Cal. 597, 606-607 [133 P. 289]; Estate of Herz, supra, 147 Cal.App.2d at p. 105; Estate of Dow (1949) 91 Cal.App.2d 420, 423 [205 P.2d 698]; see also Herrscher v. Herrscher (1953) 41 Cal.2d 300, 304- 306 [259 P.2d 901].) In conclusion, then, the estate was not bound to accept the oral offer made by appellants, and the proceeding never reached the point of a judicially confirmable offer and acceptance.
 Order affirmed.
 Pierce, P. J., and Regan, J., concurred.
 "Upon the hearing the court must examine into the necessity for the sale, or the advantage, benefit and interest of the estate in having the sale made, and must examine the return and witnesses in relation to the sale; and if it appears to the court that good reason existed for the sale, that the sale was legally made and fairly conducted, and complied with the requirements of the previous section, that the sum bid is not disproportionate to the value, and it does not appear that a sum exceeding such bid at least 10 percent on the first ten thousand dollars ($10,000) bid and 5 percent on the amount of the bid in excess of ten thousand dollars ($10,000), exclusive of the expenses of a new sale, may be obtained, the court shall make an order confirming the sale and directing conveyances to be executed; .... If more than one written offer in an amount at least 10 percent more on the first ten thousand dollars ($10,000) bid and 5 percent more on the amount of the bid in excess of ten thousand dollars ($10,000) is made to the court by responsible persons, and if any such increased bid complies with all the provisions of the law, the court shall accept such highest increased bid, confirm the sale to the person making such increased bid, and fix a reasonable compensation for the services to the estate of the agent, if any, producing the successful bidder or, in its discretion, order a new sale. ..."
 "For the purposes of this section the amount of a bid shall be determined by the court without regard to any commission on the amount of such bid to which an agent may be entitled by virtue of a contract with the executor or administrator. It shall be determined without regard to any condition of the bid that a certain amount thereof be paid to an agent by the executor or administrator ...."
 Appellant's proposed interpretation of section 785 parallels the following comment which appears in California Estate Administration (Cont.Ed.Bar 1960) page 602: "A 1955 amendment to Prob. C. 785, abrogating the holding of Estate of Cole (1954) 124 Cal.App.2d 615, 269 P.2d 73, establishes that the amount of the increased bids are to be determined without regard to any commission payable, so that it is possible for the court to accept a bid subject to a commission which will result in a lesser net amount to the estate than a bid, lowering gross amount, which is not subject to a commission."
 See also Review of Selected 1955 Code Legislation (Cont.Ed.Bar) pp. 158- 161; Estate of Naftzger (1944) 24 Cal.2d 595, 599-600 [150 P.2d 873]; Estate of Cole (1954) 124 Cal.App.2d 615 [269 P.2d 73].
NOTES
[fn. 1] 1. Probate Code section 785 provides in part:
[fn. 2] 2. The facts of the present case strikingly illustrate the wisdom of the written bid requirement. Only Kappos, one of the two joint bidders, has appealed, and the parties debate the effect of Ferrero's absence. Appellants seek a reversal for the purpose of confirming a sale to an absent party and without any recorded assurance that the absent party will stand by his oral bid.