[Civ. No. 45722. First Dist., Div. One. Jan. 28, 1980.]

Estate of CHARLOTTE B. CAHOON, Deceased.
EDSON G. THOMAS, as Executor, etc., et al.,
Petitioners and Respondents, v.
HOWARD L. VAN DYCK, Objector and Appellant.

Conservatorship of the Estate of ADDA B. BLOMQUIST.
WELLS FARGO BANK, as Conservator, etc., et al.,
Petitioners and Respondents, v.
HOWARD L. VAN DYCK, Objector and Appellant.

Estate of ANDREW B. BLOMQUIST, JR., Deceased.
NORMAN MILLER, as Executor, etc., et al.,
Petitioners and Respondents, v.
HOWARD L. VAN DYCK, Objector and Appellant.

## COUNSEL

Donald J. Lawrence, Michael P. Carbone, Terry D. McShane, Jordan, Lawrence, Dawson & Carbone, Jordan, Walsh, Lawrence, Dawson & Carbone for Objector and Appellant.

Thomas & Thomas, Heisler, Stewart & Daniels, Kirk T. Schmidt, William B. Daniels and Edson Thomas for Petitioners and Respondents.

Fulop, Rolston, Burns & McKittrick, Morton G. Rosen and Marlene A. Kovar as Amici Curiae on behalf of Petitioners and Respondents.

## OPINION

**NEWSOM, J.**—Appellant is the unsuccessful bidder for certain unimproved real property owned by the respondent estate and sold to the Sterns, who appear in the action as amici curiae.

The sale of the property, known as the Blomquist Ranch and consisting of 7,162 acres of unimproved land in the Carmel Valley, was made on May 2, 1978, following bidding procedures conducted pursuant to Probate Code section 785.

In the course of the bidding certain terms and conditions of the original sale were amended, including, for example, deletion of a "subdivision approval" contingency, modification of release clauses and a change in the time for close of escrow. All bidders except appellant and the Sterns dropped out of the bidding when it reached $2.7 million. Appellant made a final bid of $3.25 million, and the Sterns then made their successful overbid of $3.26 million.

At this juncture, after stating that it wished the final terms and conditions put in writing before it would confirm the sale, the court

nevertheless proceeded to confirm the sale, as a minute entry evidences, "for $3,260,000 on terms as stated for the record." The terms referred to were the amendments earlier alluded to and which were stated "for the record" in court by counsel for respondents.

On September 29, 1978, appellant filed a petition to vacate the sale, alleging in essence that, following confirmation, the estates' representatives and the Sterns had made radical changes in the terms of sale which, had they been proposed to appellant, would have justified the latter's raising his bid to $3.27 million. A few weeks later, on October 13, 1978, respondents and the Sterns filed a stipulated order confirming their sale.

On the same date, October 13, 1978, the court heard and denied appellant's motion to vacate under Code of Civil Procedure section 473.

The notice of appeal, we observe, is from the order filed October 13 confirming sale of real property. Appellant's view is that he has standing because the Court of Appeal denied respondents' motion to dismiss said appeal. But such denial imported no resolution of the appeal, since the motion was rejected without opinion or comment.

 An order confirming a sale of real property is appealable under Probate Code section 1240 (cf. *Baldwin* v. *Stewart* (1933) 218 Cal. 364 [23 P.2d 283] by any "aggrieved party." (Code Civ. Proc., § 902.) An "aggrieved party" is one having an interest in the subject matter recognizable by law, and injuriously affected by the judgment or order. (Cf. *Redevelopment Agency* v. *City of Berkeley* (1978) 80 Cal.App.3d 158 [143 Cal.Rptr. 633].)

 Appellant here is demonstrably not an aggrieved party. On the day of his first appearance in the action, May 12, 1978, when he filed an increased bid in the confirmation hearing and was outbid, appellant had, at best, a *prospective* interest in the subject sale. Upon being outbid, his interest in the proceedings terminated.

Cases cited by appellant to the contrary are inapposite. Thus, in *Estate of Bradley* (1914) 168 Cal. 655 [144 P. 136] and *In re Pearsons* (1893) 98 Cal. 603 [33 P. 451], original purchasers in return of sales were aggrieved parties, having acquired rights to the property at issue

pursuant to binding executory contracts, and subject only to probate confirmation. (Cf. 24 Cal.Jur.3d, Decedents' Estates, § 548, pp. 880-882.)

In *Estate of Cole* (1954) 124 Cal.App.2d 615 [269 P.2d 73], it is true, the appeal was by an unsuccessful bidder from an order confirming sale of real property, but the court assumed standing and the question was neither presented nor discussed. Instead, the issue presented was an asserted violation of Probate Code section 785 grounded in the contention that the trial court refused to accept the highest bid because it erroneously considered that the unsuccessful bid, being subject to a brokers' commission, was not the net high bid. The standing issue was never tendered and the court held that the high bid was that which, net of commission, realized the greater benefit to the estate, as of the time of the confirmation hearing. (Cf. 1 Miller & Starr, Current Law of Cal. Real Estate (rev.ed. 1975) Specific Real Estate Contracts, § 2:49, pp. 298-299, respecting legislative amendment of Prob. Code, § 785 in response to *Estate of Cole, supra.*)

We believe that no California case authority stands for the proposition, asserted by appellant, that an unsuccessful bidder at probate sale has standing to appeal an order confirming sale of estate property, as an "aggrieved party," merely by virtue of having participated as an unsuccessful bidder at the confirmation hearing.

As Witkin has said, "A person not a party to the action as originally commenced or tried may make himself a party to the *record*, subsequent to judgment in the action, by moving to vacate." (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 115, p. 4115.) Witkin also observes: "The general rule allowing appeals from orders granting or denying . . . motions to vacate . . . does not apply in probate, and such orders are nonappealable . . . . [¶] And an exception is recognized where the motion to vacate is the only way in which an aggrieved party can protect his rights; denial of the motion in such a case is appealable." (Witkin, *op.cit.*, § 108, p. 4109; see also *Estate of Baker* (1915) 170 Cal. 578 [150 P. 989] [motion to vacate ex parte order dismissing will contest].)

■ We likewise find no error in the fact appellant received no notice of the order confirming the sale to the Sterns, since the claim of entitlement to notice is founded on the erroneous assumption that appellant was party to the estate proceedings.

Having failed to appeal from denial of the motion to vacate, appellant lacks standing in the present appeal.

Affirmed.

Racanelli, P.J., and Grodin, J., concurred.

A petition for a rehearing was denied February 22, 1980, and appellant's petition for a hearing by the Supreme Court was denied March 27, 1980.