193 Cal.App.3d 1612 (1987)
239 Cal. Rptr. 147
Estate of RALPH L. BROWN, Deceased.
JAMES W. COULSBY, JR., as Administrator, etc., Petitioner and Respondent,
v.
RODGER BARWICK, Objector and Appellant.
Docket No. D004560.
Court of Appeals of California, Fourth District, Division One.
July 13, 1987.
*1614 COUNSEL
Gary Wayne Burger and Corbitt, Burger & Bruce for Objector and Appellant.
Wallace Dorman and Dorman & Dorman for Petitioner and Respondent.
OPINION
BUTLER, J.
Rodger Barwick appeals from a probate court order reducing his broker's commission on the sale of real property by James W. Coulsby, Jr., administrator of decedent Ralph L. Brown's estate. We shall affirm.

I
Coulsby entered into a written contract with Golden Investment and Property Management (Golden) to secure a purchaser for decedent's real property located in Lemon Grove, California. Golden obtained an offer of $412,000 for the property from William and Mareta Harding. February 19, 1986, Coulsby petitioned the court to confirm the sale to the Hardings and to approve Golden's 6 percent commission amounting to $24,720.
At the confirmation hearing, Barwick, a licensed real estate broker, presented an increased bid for $433,100 on behalf of Kenneth and Violet Barwick. Barwick also requested the court fix commissions payable to him as agent for the overbidder at $13,626.[1] The court issued an order confirming the sale to the overbidders and postponing determination of brokers' commissions.
Barwick filed his declaration and points and authorities urging the court determine his commission consistent with the court's general policy of awarding brokers' commissions pursuant to Probate Code[2] section 761. At the hearing, the court stated it recently abandoned its former practice of awarding commissions fixed pursuant to section 761 to agents producing the higher bidding purchaser; the court now recognizes the applicability of section 785, which limits the commission payable to agents representing successful overbidders. Accordingly, the court awarded commissions of *1615 $12,360 for Golden under section 761 and $10,550 for Barwick under sections 761 and 785.
Barwick now appeals, contending the section 785 limitation on brokers' compensation should not apply to commissions earned under section 761.

II
(1) Entitlement of real estate brokers or agents to commissions in private probate sales is regulated by statute. (Estate of Toy (1977) 72 Cal. App.3d 392, 396 [140 Cal. Rptr. 183].) Sections 760, 761, 761.5 and 785 govern compensation of brokers or agents for procuring purchasers of property in decedents' estates. (See Estate of Cattalini (1979) 97 Cal. App.3d 366, 370-374 [158 Cal. Rptr. 640]; Estate of Toy, supra, 72 Cal. App.3d 392 at p. 396.)
Section 760 authorizes the executor or administrator to enter into written listing and sales agreements with bona fide agents for the purpose of securing a buyer for any real or personal estate property. If the agent holding the contract secures a purchaser, the agent's commission is paid out of the proceeds when the court confirms the sale. (§ 760.) In the event the purchaser is secured by another broker, section 760 provides the court may consider splitting the commission between the seller's agent and the buyer's agent whose bid is returned to the court for confirmation. The commission is usually split 50-50 in accordance with county real estate board recommendations. (See Estate of Cattalini, supra, at pp. 368-371; 1 Cal. Decedent Estate Practice (Cont.Ed.Bar 1986) Sales of Estate Property, § 13.17, p. 13-15.)
Section 761[3] provides, if sale of the property is confirmed to an increased bid made at the confirmation hearing by a purchaser not procured by the estate's agent the court shall award a commission based on the amount of the confirmed bid. (See Simonini v. Passalacqua (1986) 180 Cal. App.3d 400, 403 [225 Cal. Rptr. 588].) If the higher bidder has an agent, the agent holding the contract is paid one-half the commission on the original bid amount and the successful overbidder's agent receives "the balance of the *1616 commission on the purchase price." If the overbidder was not procured by a bona fide agent, the estate's listing agent is allowed the full commission on the original bid returned to the court. (§ 761; Estate of Toy, supra, 72 Cal. App.3d 392 at pp. 393-396.)
Where the personal representative secures the original bid purchaser without entering into a listing contract, section 761.5[4] provides, the agent presenting a successful overbidder is entitled to compensation "at such amount as the court, in its discretion," finds reasonable.
Finally, section 785[5] provides, inter alia, if overbids complying with the statutory requirements are made at the confirmation hearing by a responsible *1617 person, the court shall accept the higher offer and confirm the sale to the increased bidder. If the overbidder is represented by an agent, the court must award reasonable compensation for the agent's services to the estate in procuring the increased bidder. However, "[t]he compensation of the agent ... shall not exceed one-half of the difference between the amount of the bid in the original return and the amount of the successful bid, but such limitation shall not apply to any compensation of the agent holding the contract with the executor or administrator." (§ 785; Estate of Levinthal (1980) 105 Cal. App.3d 691, 694-695 [164 Cal. Rptr. 628].)

III
(2a) Barwick contends the language of section 785 limiting commissions payable to the successful overbidder's agent to one-half the difference between the original bid and the purchase price applies only to sales under section 761.5. Specifically, Barwick argues the Legislature amended[6] section 785 solely to resolve the uncertainty created by Estate of Cole (1954) 124 Cal. App.2d 615 [269 P.2d 73], regarding the probate court's discretion to accept or deny in-court overbids and to fix brokers' commissions. Therefore, he asserts, since Estate of Cole dealt with a section 761.5 sale, the later amendment applies only to those probate sales where the overbidder is represented by an agent, but the estate is not. We find no merit in this argument.
In Estate of Cole, the personal representative, acting without a broker, returned an offer to purchase the decedent's real property to the court for confirmation. An overbidder's broker appeared in court and submitted an increased bid. Following back-and-forth bidding, the original bidder made a final offer of $7,575 and the overbidder offered $7,600 subject to a 5 percent broker's commission. The court determined the estate would receive a lower net price for the property if the overbidder's offer were confirmed because of the stipulated commission, and proceeded to confirm the sale to the original purchaser. The Court of Appeal affirmed the order, reasoning the court's duty to confirm a private sale to the highest increased bid under section 785 includes discretion to determine which bid would yield the greatest amount to the estate. (Estate of Cole, supra, 124 Cal. App.2d 615 at pp. 615-621.)
As a result of the decision in Estate of Cole, the Legislature enacted an urgency measure to resolve the "great uncertainty in the minds of real *1618 estate agents and brokers as to their right to compensation, and the amount thereof, when producing bids for real property in the estate of a decedent." (Stats. 1955, ch. 1513, § 3, p. 2754.) The 1955 amendment added specific language to sections 761 and 785 concerning brokers' and agents' rights to commissions in private probate sales. (Ante, fns. 3 & 5.)
(3) When a statute is clear on its face, the plain meaning rule presumes the Legislature meant what it said, so the plain meaning of the language governs interpretation of the statute. (Great Lakes Properties, Inc. v. City of El Segundo (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr 154, 561 P.2d 244].) (2b) This amendment clarified the law on the two issues presented in Estate of Cole: (1) the real estate broker's or agent's right to commissions in a private sale of decedents' property and (2) the court's obligations in considering increased bids presented at the confirmation hearing. (See Estate of Greer (1968) 261 Cal. App.2d 827, 829 [68 Cal. Rptr. 344].)
The rationale for requiring the trial court confirm the sale to the highest overbidder is the strong public policy encouraging competitive bidding in sales of estate property. Increased bids for the decedent's property yield greater benefit to the devisees, legatees or heirs of the estate. (See Stats. 1955, ch. 1513, § 3, pp. 2754-2755.)
However, inclusion of a mandatory agent's commission in the overbid can result in the highest bid actually producing lower net proceeds to the estate. (Estate of Cole, supra, 124 Cal. App.2d 615 at pp. 616-619.) To avoid this unreasonable result the Legislature imposed the section 785 "cap" on the commission a successful overbidder's agent may receive. Thus, in no case may the broker's commission for producing an increased bidder exceed one-half the difference between the amount of the original bid and the amount of the successful overbid. (§ 785.)
Here, Barwick reads too much into the 1955 amendment. While Estate of Cole did involve a section 761.5 overbid, restricting application of the section 785 conmission cap to section 761.5 sales is illogical; the problem encountered in Estate of Cole is equally likely to arise whether or not the estate has engaged its own broker or agent. Moreover, had the Legislature intended such narrow application of section 785, it was free to amend only section 761.5 and avoid any ambiguity.
(4), (2c) Reading the statutes governing agents' commissions together, as we must to avoid nullification of one statute by another, we conclude section 785 places an absolute upper limit on the amount of commissions payable to an overbidder's agent in private probate sales. (Kalina v. San *1619 Mateo Community College Dist. (1982) 132 Cal. App.3d 48, 53 [183 Cal. Rptr. 12].)

IV
(5) Barwick further asserts his commission should be calculated pursuant to section 761 because San Diego County courts have "historically" done so. We disagree.
Local court policies are ordinarily enforceable procedural rules, provided such policies do not conflict with higher law. (Wisniewski v. Clary (1975) 46 Cal. App.3d 499, 504-505 [120 Cal. Rptr. 176].) Therefore, the probate court was not bound by its earlier practice of fixing commissions payable to agents presenting successful overbids under section 761 after the conflict with section 785 was discovered.
Judgment affirmed.
Kremer, P.J., and Todd, J., concurred.
NOTES
[1] Barwick claims he should receive one-half of the commission payable to Golden on the original bid amount, i.e., $12,360, plus a full 6 percent commission on the difference between the amount of the original bid and the amount of the overbid ($1,266), totaling $13,626.
[2] All statutory references are to the Probate Code unless otherwise specified.
[3] Section 761 provides: "In case of sale on an increased bid made at the time of confirmation to a purchaser not procured by the agent holding the contract, the court shall allow a commission on the full amount for which the sale is confirmed, one-half of said commission on the original bid to be paid to the agent whose bid was returned to the court for confirmation and the balance of the commission on the purchase price to the agent, if any, who procured the purchaser to whom the sale is confirmed. If the successful bidder is not produced by a bona fide agent, then the agent holding the contract shall be allowed a full commission on the amount of the original bid returned by him." (Italics indicates language added by Stats. 1955, ch. 1513, § 1, p. 2753.)
[4] Section 761.5 provides: "Where an original bid is made by a purchaser direct to the estate and thereafter at the time of hearing the return of sale containing the original bid, an increased bid is made by a bona fide agent which results in the confirmation and sale of the property at such increased bid, the court shall allow a commission to the agent who procured the increased bid, which commission shall be fixed by the court at such amount as the court, in its discretion, finds will be a reasonable compensation for the services of the agent to the estate."
[5] Section 785 provides: "Upon the hearing the court must examine into the necessity for the sale, or the advantage, benefit and interest of the estate in having the sale made, and the efforts of the executor or administrator to expose the property to the market, and must examine the return and witnesses in relation to the sale; and if it appears to the court that good reason existed for the sale, that the sale was legally made and fairly conducted, and complied with the requirements of the previous section, that the sum bid is not disproportionate to the value, and it does not appear that a sum exceeding such bid at least 10 percent on the first ten thousand dollars ($10,000) bid and 5 percent on the amount of the bid in excess of ten thousand dollars ($10,000), exclusive of the expenses of a new sale, may be obtained, the court shall make an order confirming the sale and directing conveyances to be executed; otherwise it shall vacate the sale and direct another to be had, of which notice must be given and the sale in all respects conducted as if no previous sale had taken place. But if a written offer in an amount at least 10 percent more on the first ten thousand dollars ($10,000) bid and 5 percent more on the amount of the bid in excess of ten thousand dollars ($10,000) is made to the court by a responsible person, and the offer complies with all provisions of the law, the court shall accept such higher offer, confirm the sale to such person and fix a reasonable compensation for the services to the estate of the agent, if any, producing the successful bidder, or, in its discretion, order a new sale. If more than one written offer in an amount at least 10 percent more on the first ten thousand dollars ($10,000) bid and 5 percent more on the amount of the bid in excess of ten thousand dollars ($10,000) is made to the court by responsible persons, and if any such increased bid complies with all the provisions of the law, the court shall accept such highest increased bid, confirm the sale to the person making such increased bid, and fix a reasonable compensation for the services to the estate of the agent, if any, producing the successful bidder or, in its discretion, order a new sale. The compensation of the agent producing the successful bidder shall not exceed one-half of the difference between the amount of the bid in the original return and the amount of the successful bid, but such limitation shall not apply to any compensation of the agent holding the contract with the executor or administrator. [¶] For the purposes of this section the amount of a bid shall be determined by the court without regard to any commission on the amount of such bid to which an agent may be entitled by virtue of a contract with the executor or administrator. It shall be determined without regard to any condition of the bid that a certain amount thereof be paid to an agent by the executor or administrator, but notwithstanding that a bid contains such a condition, only such compensation to an agent as is proper under the preceding provisions of this section shall be allowed, and acceptance of the bid by the court binds the bidder though the compensation so allowed is less than the compensation to which the agent would be entitled had the condition been observed." (Italics indicates language added by Stats. 1955, ch. 1513, § 2, pp. 2753-2754.)
[6] Statutes 1955, chapter 1513, sections 1 and 2, pages 2753-2754.