[No. F013381. Fifth Dist. Nov. 28, 1990.]

Estate of HOLLIS B. ROBERTS, Deceased.
WAYNE FLETCHER, Petitioner and Respondent, v.
MANON E. ROBERTS et al., as Co-executors, etc., Objectors and
Appellants.

[Opinion certified for partial publication.†]

†Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I, II and IV.

**Counsel**

Borton, Petrini & Conron, Stephen M. Dake and Kenneth W. Scott for Objectors and Appellants.

Thomas F. Schroeter for Petitioner and Respondent.

**Opinion**

**THAXTER, J.**—The estate of Hollis B. Roberts appeals from an order of the probate court compelling the conveyance of real property to respondent Wayne Fletcher and from a companion order denying the estate's motion to confirm sale to a third party or, alternatively, vacate the sale to respondent. Respondent was high bidder for the property at an earlier confirmation hearing.

Appellant contends the order compelling conveyance is void because the probate court was without jurisdiction over the subject property.

Alternatively, appellant argues that respondent's overbid did not comply with statutory requirements and the probate court abused its discretion in confirming the sale. Respondent counters appellant's arguments and further asserts that appellant lacks standing to appeal.

We will conclude that appellant has standing and that it was error for the probate court to conclude that the proffering of cashier's checks at the confirmation of sale hearing complies with the statutory language of Probate Code[1] section 10311. Accordingly, we will reverse the order compelling conveyance and remand for further proceedings.

### Summary of Facts and Proceedings Below

On June 15, 1989, the estate filed a petition seeking confirmation of a sale of commercial real property to Monnassar Saeed and Aziza Saeed, husband and wife (hereafter referred to collectively as Saeed). The required inventory and appraisal placed the value of the property at $65,000. The purchase was to be primarily on credit terms with a cash down payment. A noticed hearing was held on July 13, 1989.

In accordance with section 10311, the court solicited overbids at the hearing. Fletcher submitted an oral overbid for the minimum amount of $68,750, to be paid in cash.[2] The sale was confirmed by the court and the confirmation was noted in the minute order. The oral offer was not put in writing. Fletcher did, however, turn over to the estate's attorney two cashier's checks in the full amount of the purchase. This was done at the direction of the trial court. The estate's attorney admits he took the checks, endorsed over to the estate by Fletcher, but claims he told Fletcher he had no authority to accept the checks and was only "holding" them for Fletcher as a convenience. Fletcher, on the other hand, claims the attorney never said he lacked authority to accept the checks on behalf of the estate. Fletcher contends the attorney said the sale paperwork would be prepared and ready to sign within several days.

On September 12, 1989, before a formal order confirming the sale to Fletcher was signed, the estate filed a petition to confirm the original sale to Saeed, or in the alternative to vacate the sale to Fletcher and order a new sale. The petition was based on two grounds. First, the petition argued the sale to Fletcher did not comply with the statutory mandates because it was

---

[1] All statutory references are to the Probate Code unless otherwise indicated.

[2] Apparently the cash terms were acceptable to the estate. The record reveals no objection to the different terms of the purchase offer. Under section 10311, subdivision (d) an offer made as an overbid, if on terms different from those of the original offer, must be acceptable to the estate.

an oral bid whereas section 10311 requires all overbids to be in writing. Second, the estate argued the sale to Fletcher must be set aside because the appraisal on which the overbid was calculated failed to take into consideration the increased value of the property resulting from improvements made by Saeed.

Saeed had been in possession of the property for approximately a year pursuant to an agreement with the estate. While in possession, Saeed paid no rent to the estate but made numerous expenditures in an attempt to avoid litigation over the property and to keep the property an ongoing business concern.

On the same date, Fletcher filed a petition requesting an order compelling conveyance of the property to him and a formal confirmation of the sale with the required statutory findings.

The hearing was held on October 11, 1989. On November 13, 1989, the court issued its ruling granting the request for an order compelling conveyance and denying the request to set aside the sale to Fletcher. The court found the presentation of the cashier's checks sufficiently met the writing requirements of section 10311 and the value of the property was properly ruled upon at the time of the confirmation hearing.

The order compelling conveyance to Fletcher was filed on November 21, 1989, and a formal order confirming the sale was filed on December 15, 1989.

The estate filed its timely notice of appeal on January 12, 1990.

DISCUSSION

I., II.\*

. . . . . . . . . . . . . . . . . . . .

III. *Statutory Written Overbid Requirement*

 Appellant claims it was an abuse of discretion to confirm the sale and order conveyance despite the failure of respondent to reduce to writing

---

\* See footnote, *ante*, page 1017.

his overbid. Section 10311 expressly requires that overbids be submitted in writing.[4]

Appellant cites two cases expressly holding an oral overbid is not binding, *Estate of Greer* (1968) 261 Cal.App.2d 827 [68 Cal.Rptr. 344] and *Estate of Sampo* (1985) 171 Cal.App.3d 767 [217 Cal.Rptr. 713]. Both cases state an oral bid is not valid because it fails to conform to the statutory mandate.

In our case no written bid was ever submitted. The probate court, when ruling on the first motion to vacate, stated the cashier's checks met the writing requirement of section 10311. The court further stated that the *Greer* and *Sampo* cases are factually distinguishable from the present case, presumably because in both *Greer* and *Sampo* it was the buyer who wished to pull out of the sale and no checks were tendered or accepted.

We are not persuaded and conclude the probate court reached an erroneous conclusion on this question. Section 10311 does not simply require any writing. It specifically requires a written "offer." We do not see how the checks tendered by respondent constitute an offer to buy. Instead, they were tendered as performance of a separate oral offer. As the *Sampo* court noted: "The powers and jurisdiction of the probate courts are wholly statutory and

---

[4]Section 10311 is as follows:

"(a) Subject to subdivisions (b), (c), (d), and (e), and except as provided in Section 10207, if a written offer to purchase the real property is made to the court at the hearing on the petition for confirmation of the sale, the court shall accept the offer and confirm the sale to the offeror if all of the following conditions are satisfied:

"(1) The offer is for an amount at least 10 percent more on the first ten thousand dollars ($10,000) of the original bid and 5 percent more on the amount of the original bid in excess of ten thousand dollars ($10,000).

"(2) The offer is made by a responsible person.

"(3) The offer complies with all provisions of law.

"(b) Subject to subdivisions (c), (d), and (e), if there is more than one offer that satisfies the requirements of subdivision (a), the court shall accept the highest such offer and confirm the sale to the person making that offer.

"(c) The court may, in its discretion, decline to accept the offer that satisfies the requirements of subdivisions (a) and (b); and, in such case, the court shall order a new sale.

"(d) If the sale returned for confirmation is on credit and the higher offer is for cash or on credit, whether on the same or different credit terms, or the sale returned for confirmation is for cash and the higher offer is on credit, the court may not consider the higher offer unless the personal representative informs the court in person or by counsel prior to confirmation of sale that the higher offer is acceptable.

"(e) For the purposes of this section, the amount of the original bid and any higher offer shall be determined by the court without regard to any of the following:

"(1) Any commission on the amount of the bid to which an agent or broker may be entitled under a contract with the personal representative.

"(2) Any condition of the bid that a certain amount of the bid be paid to an agent or broker by the personal representative."

a probate court must look to express statutes for its procedures." (*Estate of Sampo, supra,* 171 Cal.App.3d at p. 774.)

█ When a statute is clear on its face, its plain meaning governs. (*Estate of Brown* (1987) 193 Cal.App.3d 1612, 1618 [239 Cal.Rptr. 147].) █ The statutory language is clear: only written offers are to be accepted and confirmed. Although local practice may be to accept oral overbids at the sale confirmation hearing, to be valid under the statute, the offer must be reduced to writing before the close of the hearing. (§ 10311; *Estate of Sampo, supra; Estate of Greer, supra.*) Our review of the legal treatises in this area confirms a plain reading of the statutory language advises a written offer is required. (See 1 Miller & Starr, Current Law of Cal. Real Estate (1989) §§ 2.62-2.63, pp. 733-737; 12 Witkin, Summary of Cal. Law (9th ed. 1990) Wills and Probate, § 663, p. 695.)

We hold the negotiable instruments proffered, the cashier's checks, do not comply with the statutory requirement that overbid offers be submitted in writing.

## IV. *Remaining Issues**

. . . . . . . . . . . . . . . . . . .

## DISPOSITION

We reverse the judgment and remand for further proceedings consistent with this opinion.

Each party is to bear its costs on appeal. (Cal. Rules of Court, rule 26(a).)

Stone (W. A.), Acting P. J., and Ardaiz, J., concurred.

---

* See footnote, *ante,* page 1017.