[No. D017438. Fourth Dist., Div. One. Aug. 19, 1994.]

FIDEL CORTEZ, Plaintiff and Appellant, v.
WILBUR BOOTSMA et al., Defendants and Appellants.

**COUNSEL**

Cynthia Chihak and Suuzen Ty Anderson for Plaintiff and Appellant.

Testa & Grady and James A. Testa for Defendants and Appellants.

**OPINION**

**FROEHLICH, J.**—This appeal presents a single narrow question: when a statute requires the superior court to award "reasonable attorney's fees," may a local court rule limit the amount of that award? Specifically, the court determined a "reasonable" fee was $65,000. However, San Diego County Superior Court Rules,[1] rule 6.1 provided that in contested actions no attorney fees could be awarded "in excess of the amount agreed by the plaintiff to be paid to the plaintiff's attorney." In this case plaintiff and his attorney agreed to a 40 percent contingent fee, which would have amounted to $48,775 based on the underlying jury award to plaintiff of $121,938.24.

---

[1] All rule references are to the San Diego County Superior Court Rules.

We are thus confronted with whether a superior court may disregard a local rule when the local rule would restrict the discretion granted a court by a state statute.

## 1. *Facts*

The relevant facts are undisputed. Plaintiff Fidel Cortez (Cortez) was an employee of the general contractor hired by appellants to perform work. Cortez was seriously injured on the job. The general contractor did not have workers' compensation insurance. Accordingly, plaintiff was entitled to sue defendants for damages in superior court.

Cortez recovered damages of $121,938.24. As the successful plaintiff, Cortez also was entitled to "reasonable attorney's fees fixed by the court." (Lab. Code, § 3709.) Cortez requested fees of $149,848.75. Defendants moved to reduce the fee request, arguing both that it was unreasonable and that it exceeded the amount permitted by local rule.

The court concluded, based on the factors ordinarily considered when assessing reasonable attorney fees, that an award of $65,000 was reasonable. The court also rejected defendants' claim that local court rules placed a ceiling on the award, reasoning that such a ceiling would contravene state law and hence be invalid.

## 2. *The Local Rule Limiting Attorney Fees Must Yield to the State Law Granting Discretion to Award a Reasonable Fee*

On appeal, defendants contend the attorney fee award was an abuse of discretion because it transgressed rule 6.1, which limits attorney fees to the amount agreed upon between plaintiff and his attorney.[2] Rule 6.1 provides: "Reasonable attorney's fees in contested actions should be determined by the court in its discretion. . . . [¶] *No fee shall be allowed in excess of the amount agreed by the plaintiff to be paid to plaintiff's attorney. . . .*" (Italics added.) Cortez contends that to the extent the local rule limits the trial court's ability to craft a "reasonable" award, the rule conflicts with the Labor Code mandate that "reasonable" attorney fees shall be awarded. We conclude that when the Legislature grants statutory authority to the trial courts to award "reasonable attorney's fees," a local rule may not

---

[2]It is important to note that defendants claim the award was an abuse of discretion *solely* because of the ceiling on awards imposed by rule 6.1. Defendants do not argue the award would be unreasonable if judged solely by the criteria otherwise applicable to evaluating the proper amount of an award, such as the hours spent, the fee charged, the risks borne by the attorney, the difficulty of the issues, the results obtained, etc. (See, e.g., *Glendora Community Redevelopment Agency* v. *Demeter* (1984) 155 Cal.App.3d 465, 472-475 [202 Cal.Rptr. 389].)

limit the discretion vested in those courts by restricting the amounts awardable.

■ It is axiomatic that the determination of what constitutes reasonable attorney fees is a matter vested in the sound discretion of the trial court. (*Melnyk* v. *Robledo* (1976) 64 Cal.App.3d 618, 623 [134 Cal.Rptr. 602].) The trial court has both the expertise to decide this matter (*ibid.*) and the unique ability to value the services rendered in a matter litigated before it (*Mandel* v. *Hodges* (1976) 54 Cal.App.3d 596, 623 [127 Cal.Rptr. 244, 90 A.L.R.3d 728]). The trial court weighs numerous factors in this calculus, and although an agreed-upon contingency fee is one of the factors considered, it is not controlling on the issue. (*Marshall* v. *Department of Water & Power* (1990) 219 Cal.App.3d 1124, 1150 [268 Cal.Rptr. 559].)

■ Defendants claim the local rule is controlling and places an upper limit on the fee awardable. Local rules may be adopted to the extent they are not in conflict with state law. (Gov. Code, § 68070.) Any conflict between a local rule and a state statute invalidates the local rule. (*Lang* v. *Superior Court* (1984) 153 Cal.App.3d 510, 516 [200 Cal.Rptr. 526].) Numerous courts have voided a local rule when in conflict with state law. (See, e.g., *Turlock Golf & Country Club* v. *Superior Court* (1966) 240 Cal.App.2d 693, 700 [50 Cal.Rptr. 70] [local rule which increased the deposit for jury fees and mileage above that required by statute declared invalid].)

Here the local rule conflicts with state law mandating that a "reasonable" fee be awarded, because the local rule attempts to define the outer perimeters of a permissible fee award while the statute places no limits on the trial court's discretion.[3] In similar circumstances, the courts have held that court rules may not impose limitations on a court's ability to act when the statute contains no similar limitation. Thus, in *Sadler* v. *Turner* (1986) 186 Cal.App.3d 245 [230 Cal.Rptr. 561], a court rule required a *noticed* motion to dismiss the complaint after a demurrer had been sustained without leave to amend. The *Sadler* court concluded the rule was invalid because it was inconsistent with the state statute permitting dismissal on ex parte motion. (*Id.* at pp. 248-250; see also *Wells Fargo Bank* v. *Superior Court* (1988) 206 Cal.App.3d 918, 923 [254 Cal.Rptr. 68] [local rule requiring complex summary judgment motion to be filed six months before trial invalid because of conflict with Code Civ. Proc., § 437c permitting motions to be heard 30 days before trial].)

---

[3]We caution that our holding is limited to the issue of whether rule 6.1 is invalid because it conflicts with, and hence must yield to, contrary state law. We are not presented with the issue of whether the local rule limiting fee awards is valid when the attorney fees are awarded based on a private contractual clause for "reasonable attorney's fees," rather than (as here) on a positive statutory provision.

In another analogous case, *Estate of Brown* (1987) 193 Cal.App.3d 1612 [239 Cal.Rptr. 147], this court considered a local policy (accorded the same treatment as local court rules [see *Wisniewski* v. *Clary* (1975) 46 Cal.App.3d 499, 504-505 (120 Cal.Rptr. 176)]), which allegedly would have fixed brokers' fees at a rate higher than authorized by statute. This court concluded the local policy could not be maintained in light of the conflicting statutory guidelines on fee awards. (*Estate of Brown, supra,* 193 Cal.App.3d at p. 1619.)

Here the statute mandates a "reasonable fee." The determination of what amount would be "reasonable" is vested in the trial judge. The local rule at issue here, if applied as advocated by defendants, would permit only 75 percent of the award deemed reasonable by the trial judge. To the extent this rule conflicts with state law it is inapplicable.

## DISPOSITION

The judgment is affirmed. Cortez shall recover costs on appeal. Cortez also shall cover reasonable attorney fees incurred on this appeal in the sum of $1,793.50. (*Roberts* v. *Brian* (1973) 30 Cal.App.3d 427, 430-431 [106 Cal.Rptr. 360].)

Todd, Acting P. J., and Huffman, J., concurred.